McEvers, Justice.
 

 *313
 
 [¶ 1] J. Erin Rourke appeals from a district court's order denying his application for post-conviction relief. Rourke argues the court erred by denying his application for post-conviction relief because he received ineffective assistance of counsel. We affirm.
 

 I
 

 [¶ 2] The State charged J. Erin Rourke with gross sexual imposition and corruption or solicitation of minors. Following a trial held in May 2016, the jury returned a verdict of guilty as to the gross sexual imposition charge and a verdict of not guilty as to the corruption or solicitation of minors charge. Rourke appealed his conviction, arguing insufficient evidence to sustain the jury's verdict. This Court affirmed in
 
 State v. Rourke
 
 , because Rourke failed to preserve his sufficiency of the evidence argument for appeal by failing to move for a judgment of acquittal at trial under N.D.R.Crim.P. 29, and Rourke made no argument that an obvious error occurred, which is an exception to the requirement to move for acquittal.
 
 2017 ND 102
 
 , ¶ 7,
 
 893 N.W.2d 176
 
 .
 

 [¶ 3] Rourke applied for post-conviction relief in May 2017, arguing his trial counsel was ineffective. In his application, Rourke argued his trial counsel failed to move for a judgment of acquittal under N.D.R.Crim.P. 29. Rourke also alleged several other reasons his trial counsel was ineffective, but those issues were not raised on appeal. A post-conviction relief hearing was held on three separate dates; September 22, October 2, and October 9, 2017.
 

 [¶ 4] After an evidentiary hearing, where both Rourke and his two trial attorneys testified, the district court denied Rourke's post-conviction relief application.
 

 II
 

 [¶ 5] On appeal, Rourke argues the district court erred by denying his application for post-conviction relief, because he received ineffective assistance of counsel. Rourke argues that by failing to move for a judgment of acquittal under N.D.R.Crim.P. 29, which barred him from challenging the sufficiency of the evidence on appeal, his trial counsel was ineffective as a matter of law. "The issue of ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable by this Court."
 
 Saari v. State
 
 ,
 
 2017 ND 94
 
 , ¶ 12,
 
 893 N.W.2d 764
 
 (quoting
 
 Pfeffer v. State
 
 ,
 
 2016 ND 248
 
 , ¶ 6,
 
 888 N.W.2d 743
 
 ). This Court has held "the purpose of the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1, is to furnish a method to develop a complete record to challenge a criminal conviction."
 
 Chisholm v. State
 
 ,
 
 2014 ND 125
 
 , ¶ 15,
 
 848 N.W.2d 703
 
 (internal quotation omitted). "An applicant has the burden of establishing grounds for post-conviction relief."
 
 Id.
 
 at ¶ 8.
 

 The framework for evaluating ineffective assistance of counsel claims under the Sixth Amendment of the United States Constitution and N.D. Const. art. I, § 12, is well-established:
 

 In order to prevail on a post-conviction relief application based on ineffective assistance of counsel, the petitioner must (1) "show that counsel's representation fell below an objective standard of reasonableness" and (2) "show that there is a reasonable probability that, but for counsel's unprofessional
 
 *314
 
 errors, the result of the proceeding would have been different."
 
 Strickland v. Washington
 
 ,
 
 466 U.S. 668
 
 , 688, 694 [
 
 104 S.Ct. 2052
 
 ,
 
 80 L.Ed.2d 674
 
 ] (1984).
 

 Surmounting
 
 Strickland's
 
 high bar is never an easy task. An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial or in pretrial proceedings, and so the
 
 Strickland
 
 standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under
 
 de novo
 
 review, the standard for judging counsel's representation is a most deferential one. ... It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence.
 

 Booth v. State
 
 ,
 
 2017 ND 97
 
 , ¶ 7,
 
 893 N.W.2d 186
 
 (citing
 
 Bahtiraj v. State,
 

 2013 ND 240
 
 , ¶ 9,
 
 840 N.W.2d 605
 
 ). "The defendant must first overcome the 'strong presumption' that trial counsel's representation fell within the wide range of reasonable professional assistance, and courts must consciously attempt to limit the distorting effect of hindsight."
 
 Laib v. State
 
 ,
 
 2005 ND 187
 
 , ¶ 9,
 
 705 N.W.2d 845
 
 . A district court's findings of fact in post-conviction relief proceedings will not be disturbed unless they are clearly erroneous.
 
 Giwa v. State
 
 ,
 
 2017 ND 250
 
 , ¶ 6,
 
 902 N.W.2d 734
 
 . A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, we are left with a definite and firm conviction a mistake has been made.
 
 McCarthy v. McCarthy
 
 ,
 
 2014 ND 234
 
 , ¶ 8,
 
 856 N.W.2d 762
 
 . Questions of law are fully reviewable.
 
 Giwa
 
 , at ¶ 6.
 

 [¶ 6] "Courts need not address both prongs of the
 
 Strickland
 
 test, and if a court can resolve the case by addressing only one prong it is encouraged to do so."
 
 Booth
 
 ,
 
 2017 ND 97
 
 , ¶ 8,
 
 893 N.W.2d 186
 
 (quoting
 
 Osier v. State
 
 ,
 
 2014 ND 41
 
 , ¶ 11,
 
 843 N.W.2d 277
 
 ). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."
 

 Id.
 

 (quoting
 
 Strickland
 
 ,
 
 466 U.S. at 697
 
 ,
 
 104 S.Ct. 2052
 
 ).
 

 [¶ 7] Rourke argues his counsel was ineffective as a matter of law because they failed to move for acquittal under N.D.R.Crim.P. 29. Rourke argues
 
 State v. Yineman
 
 ,
 
 2002 ND 145
 
 , ¶ 18,
 
 651 N.W.2d 648
 
 , requires defense counsel to move for a judgment of acquittal in a jury trial, because the motion is "necessary to prompt the judge to review evidence with an eye to the significant act of removing the case from the jury." Rourke argues the district court improperly relied on
 
 State v. Jackson
 
 ,
 
 2002 ND 105
 
 ,
 
 646 N.W.2d 676
 
 , because it is in "direct contrast" to the reasoning in
 
 Yineman
 
 , and refers to cases which the prosecution has presented a prima facie case.
 

 [¶ 8] This Court did not conclude in
 
 Yineman
 
 that defense counsel must move for a judgment of acquittal, but rather, counsel must move for a judgment of acquittal to preserve the issue of sufficient evidence in jury trials on appeal.
 
 2002 ND 145
 
 ,
 
 651 N.W.2d 648
 
 . This Court has stated as a matter of law, it is not ineffective assistance for counsel to fail to move for a judgment of acquittal when the prosecution has presented a prima facie case.
 
 Jackson
 
 ,
 
 2002 ND 105
 
 , ¶ 3,
 
 646 N.W.2d 676
 
 . Rourke failed to provide any evidence showing the State did not present a prima facie case.
 

 [¶ 9] The district court concluded trial counsel's performance did not fall below
 
 *315
 
 the objective standard of reasonableness. The court noted in a majority of criminal jury trials, defense counsel moves for a Rule 29 judgment of acquittal, but failing to do so does not make defense counsel's actions in this case unreasonable. The court found there was sufficient evidence for a reasonable jury to convict.
 

 [¶ 10] The district court went beyond the first prong and concluded that even if trial counsel's actions fell below an objective standard of reasonableness by not moving for a judgment of acquittal, the result would not be different, because he was the trial judge, and he would have denied the N.D.R.Crim.P. 29 motion. The court's findings are not clearly erroneous; therefore, Rourke's argument that he received ineffective assistance of counsel because his counsel did not move for a judgment of acquittal, fails.
 

 [¶ 11] At the oral argument, Rourke urged this Court to modify its standard of review, and use something other than the two-prong analysis set forth in
 
 Strickland
 
 , suggesting this Court review the record to determine whether the evidence was sufficient. We are not persuaded and we decline to adopt a standard other than
 
 Strickland
 
 when evaluating whether a defendant received ineffective assistance of counsel.
 

 [¶ 12] We have considered the other issues raised and conclude they are either unnecessary to our opinion or are without merit. We conclude Rourke failed to show his trial counsel's representation fell below an objective standard of reasonableness and failed to meet his burden to show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. The district court made findings of fact in accordance with the law, and evidence supports the findings. Therefore, the court did not err in denying Rourke's application for post-conviction relief.
 

 III
 

 [¶ 13] We affirm the district court's order denying Rourke's application for post-conviction relief.
 

 [¶ 14] Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte
 

 Jon J. Jensen
 

 Gerald W. VandeWalle, C.J.