# IN THE SUPREME COURT STATE OF NORTH DAKOTA

## 2019 ND 278

State of North Dakota,                                                  Plaintiff and Appellee

v.

George Ludoru Job,                                                  Defendant and Appellant

## No. 20190116

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven E. McCullough, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Reid Brady, Fargo, N.D., for plaintiff and appellee.

Samuel Gereszek, Grand Forks, N.D., for defendant and appellant.

**Jensen, Justice.**

[¶1] George Job appeals from the denial of his motion to withdraw his 2008 guilty plea to the charge of aggravated assault. Job argues the district court abused its discretion by determining a manifest injustice did not result from a 2010 resentencing following the revocation of his probation. He contends the resentencing was illegal and transformed his original non-deportable offense into a deportable offense. We affirm.

I

[¶2] In 2008, Job plead guilty to aggravated assault, a class C felony, in violation of N.D.C.C. § 12.1-17-02. During Job's change of plea hearing, the district court informed Job of the potential deportation consequences of his plea of guilty to the aggravated assault charge. After accepting Job's plea of guilty, the court sentenced Job to one year of incarceration, all of which was suspended, and imposed a period of five years of supervised probation.

[¶3] In 2010, the State petitioned for the revocation of Job's probation. During the probation revocation hearing, the district court informed Job of the potential deportation consequences of admitting to the probation violations. Job admitted the allegations. The court revoked Job's probation and resentenced him to 18 months of incarceration.

[¶4] In 2018, Job moved to withdraw his 2008 guilty plea. After a hearing on Job's motion, the court denied Job's motion. The district court found that Job had failed to prove the withdrawal of his guilty plea was necessary to correct a manifest injustice.

II

[¶5] Rule 11 of the North Dakota Rules of Criminal Procedure governs a defendant's motion to withdraw a plea of guilty. Our review of a district court's

1

denial of a motion to withdraw a plea of guilty is under the abuse of discretion standard of review. *State v. Peterson*, 2019 ND 140, ¶ 20, 927 N.W.2d 74. "An abuse of discretion under N.D.R.Crim.P. 11(d) occurs when the court's legal discretion is not exercised in the interests of justice." *Id*. "The trial court must exercise its sound discretion in determining whether a 'manifest injustice' or a 'fair and just reason' to withdraw a guilty plea exists." *State v. Bates*, 2007 ND 15, ¶ 6, 726 N.W.2d 595.

[¶6] A motion to withdraw a plea of guilty subsequent to the plea and sentencing requires the defendant to prove "the withdrawal is necessary to correct a manifest injustice." N.D.R.Crim.P. 11(d)(2). Job contends the revocation of his sentence and imposition of an eighteen month period of incarceration transformed his original suspended sentence from a non-deportable sentence into a deportable sentence. He contends the transformation compels a finding the withdrawal of his guilty plea is necessary to correct a manifest injustice.

### III

[¶7] Job's argument depends on the immigration consequences under federal law arising from convictions of crimes of violence. He asserts that his 2008 sentence did not trigger deportation consequences under federal law, but the subsequent 2010 illegal resentencing following the revocation of his probation did trigger deportation consequences under federal law. He contends the 2010 resentencing was illegal because it imposed a sentence greater than the original suspended sentence, and if the suspended period of incarceration from the original sentence had been imposed following the revocation of his probation, there would not have been deportation consequences. His contention the 2010 sentence is illegal relates to the application of N.D.C.C. § 12.1-32-07(6) and our prior cases allowing resentencing following revocation of probation to include a period of incarceration greater or lower than a prior suspended sentence.

[¶8] To prevail in his argument, it would be necessary to conclude that Job's 2008 sentence did not result in a deportable offense. Under 8 U.S.C. § 1 101(a)(43)(F), a noncitizen is deportable for committing the following

aggravated felony: "a crime of violence . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). Job misinterprets the minimum imprisonment threshold for triggering deportability under the aggravated felony provision in two respects. First, he incorrectly replaces the provision "at least one year" in 8 U.S.C. § 1101(a)(43)(F) with "more than one year." Second, he incorrectly excludes the period of suspended incarceration from the determination of whether the 2008 sentence was for a crime of violence for which the term of imprisonment is at least one year.

[¶9]  First, Job describes the original sentence as including imprisonment of "that magical year or less, [which] made this a non-deportable plea agreement." Job's original sentence included one year of suspended incarceration. On the face of the statute, the aggravated felony standard was met because "one year" qualifies as "at least one year." Federal courts have also interpreted the phrase to include one year sentences. E.g., *Bayudan v. Ashcroft*, 298 F.3d 799, 800 (9th Cir. 2002). We conclude the phrase "at least one year" includes sentences of one year.

[¶10] Second, Job argues the suspended portion of his original sentence is not included in the determination of whether the 2008 sentence was for a crime of violence for which the term of imprisonment is at least one year. He relies on the inclusion of a reference to counting periods of suspended incarceration in the applicable federal law prior to 1996 and the absence of the reference subsequent to 1996. Job did not provide any citation to authorities supporting his interpretation. Contrary federal authority exists, however, including the Second Circuit's holding that "it is immaterial whether the sentence is suspended." *Dawkins v. Holder*, 762 F.3d 247, 250-51 (citing *United States v. Pacheco*, 225 F.3d 148, 153-54). In *Pacheco*, the Second Circuit noted 8 U.S.C. § 1101(a)(48)(B) provides that "[a]ny reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." 225 F.3d at 153-54. We conclude the period of incarceration does include a suspended period of incarceration.

[¶11] Job's argument relies upon the 2008 sentence not triggering federal deportation consequences. The one year sentence satisfied the requirement of being at least one year in length and the suspended periods of incarceration are included in determining the length of the sentence. The court also informed Job during both the original change of plea hearing and the probation revocation hearing that he may be subject to deportation. Under these circumstances, the district court did not abuse its discretion in finding the 2010 resentencing greater than the original term of suspended sentence was not a manifest injustice.

IV

[¶12] Job also appears to argue he was not made aware of the potential deportation consequences during the 2010 probation revocation hearing. In 2010, the United States Supreme Court determined a defendant is entitled to be informed of the potential deportation consequences arising from a plea of guilty. *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). This Court has recognized the application of the *Padilla* decision to guilty pleas to State offenses. *Giwa v. State*, 2017 ND 250, ¶ 9, 902 N.W.2d 734. We have also determined the *Padilla* requirement for an attorney to advise a defendant of potential deportation consequences arising from a plea of guilty does not apply retroactively and does not apply to pleas entered before 2010. *Id.*

[¶13] Job concedes the requirement to inform him of potential immigration consequences did not apply to the 2008 sentencing. To the extent that he asserts he was not informed of the immigration consequences during the 2010 revocation proceedings, his assertion is contrary to the record. The transcript from the revocation proceeding clearly provides that Job was advised of the possibility of deportation, and he acknowledged he had sufficient information about immigration consequences. Under these circumstances, the district court did not abuse its discretion in finding there was not a manifest injustice for any alleged failure to inform Job of the potential deportation consequences during the probation revocation proceeding.

## V

[¶14] Job's motion to the district court was limited to withdrawing his 2008 plea of guilty. His motion to withdraw his plea and the accompanying materials do not contain any references to N.D.C.C. § 12.1-32-07(6) or our prior cases allowing probation revocation resentencing to include a period of incarceration greater or lower than a prior suspended sentence. He did not seek resentencing under his assertion the 2010 resentencing resulted in an illegal sentence, and the district court has not had an opportunity to consider whether the 2010 sentence was illegal. Because we conclude the 2008 sentence triggered potential deportation consequences, and Job did not seek to set aside the 2010 sentence as illegal, we decline to address his argument the 2010 resentencing resulted in an illegal sentence on this appeal.

## VI

[¶15] Job has not properly challenged the legality of his 2010 resentencing following the revocation of his probation. We conclude the district court did not abuse its discretion in denying Job's motion to withdraw his 2008 guilty plea because he has been subject to a deportable offense since 2008. We affirm.

[¶16] Jon J. Jensen
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte

    I concur in the result.
    Gerald W. VandeWalle, C.J.

5