# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 67

Jaime Urrabazo,                                         Petitioner and Appellant

v.

State of North Dakota,                                Respondent and Appellee

## No. 20230316

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Reid A. Brady, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Derek K. Steiner, Assistant State's Attorney, Fargo, ND, for respondent and appellee.

# Urrabazo v. State
## No. 20230316

**Bahr, Justice.**

[¶1] Jaime Urrabazo appeals from a district court order denying his amended application for postconviction relief. Urrabazo argues the court erred when it held his application is a misuse of process and that he failed to prove his claims of ineffective assistance of counsel. We affirm.

I

[¶2] In April 2021, a jury found Urrabazo guilty of delivery of a controlled substance. We summarily affirmed the conviction on appeal. *State v. Urrabazo*, 2021 ND 179, 965 N.W.2d 425.

[¶3] In August 2021, while his appeal was pending at this Court, Urrabazo filed his first postconviction application. The district court set a hearing on the application and Urrabazo failed to attend the hearing. The court dismissed the case.

[¶4] Urrabazo filed this petition for postconviction relief in April 2023. The district court assigned Urrabazo counsel, who filed an amended petition. In the amended petition, Urrabazo argues the jury in his underlying trial was not unanimous because one juror's response during the polling of the jury is not audible on the recording. The court held a hearing on the petition. At the hearing, the court heard testimony from Urrabazo and his former trial counsel. After the parties filed post-hearing briefs, the court denied the petition.

[¶5] In denying the petition, the district court found misuse of process by Urrabazo because he inexcusably failed to raise his claim relating to the alleged lack of jury unanimity in his first postconviction proceeding. The court further found Urrabazo's trial counsel was objectively reasonable for not moving for a mistrial after the jury polling, and that Urrabazo's appellant counsel was objectively reasonable in not raising the issue of jury unanimity on appeal.

1

[¶6] "Postconviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Everett v. State*, 2023 ND 243, ¶ 6, 1 N.W.3d 590 (quoting *Bridges v. State*, 2022 ND 147, ¶ 5, 977 N.W.2d 718). In postconviction proceedings, the applicant bears the burden to establish the grounds for relief. *Vogt v. State*, 2022 ND 163, ¶ 5, 978 N.W.2d 727. The standard of review for postconviction proceedings is clearly established:

> A trial court's findings of fact in post-conviction relief proceedings will not be disturbed unless they are clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction that a mistake has been made. Questions of law are fully reviewable on appeal of a post-conviction proceeding.

*Kisi v. State*, 2023 ND 226, ¶ 5, 998 N.W.2d 797 (quoting *Olson v. State*, 2019 ND 135, ¶ 7, 927 N.W.2d 444).

A

[¶7] Urrabazo argues the district court erred when it found his application for postconviction relief was a misuse of process.

[¶8] In its order denying postconviction relief, the district court stated, "in his first post-conviction case, Urrabazo inexcusably failed to raise an issue relating to alleged lack of jury unanimity." The court explained:

> The trial transcript was completed in May 2021. Two months later, Urrabazo personally filed his first application for post-conviction relief . . . . In the application, he made no claim that the verdict was not unanimous. And then at the March 2022 hearing on his first application for relief, Urrabazo failed to appear.

[¶9] Urrabazo testified he discovered the alleged lack of jury unanimity while reviewing the trial transcript. He also testified as to when he received the transcripts:

Q    So you got the transcripts from the trial while your direct appeal was pending. Is that right?

A    Yes, even before I—right when I filed for my appeal on it, that's when I got the transcripts.

Q    Okay. And so you had those transcripts when [first appellate counsel] was your attorney. Is that correct?

A    Yes.

Q    And you pointed out this lack of unanimous verdict to [first appellate counsel]. Is that correct?

A    Yes, it was at that moment, yes. At the time when I did, yes, when I brought it up. Yeah.

[¶10] Urrabazo testified he had a conversation with his first appellate attorney about the transcript and the issue of jury unanimity. The appellant brief in his direct appeal was filed July 5, 2021. On August 3, 2021, Urrabazo signed a motion to replace his first appellate counsel. His alleged discussion with his first appellate attorney about the jury unanimity issue had to have occurred before he signed his August 3, 2021 motion. Thus, according to his own testimony, Urrabazo knew about the jury unanimity issue before August 3, 2021. However, when Urrabazo signed his August 4, 2021 petition for postconviction relief, he did not raise the issue of jury unanimity. He then failed to appear for the hearing on his first application for postconviction relief, resulting in the district court dismissing the petition. This timeline, based on Urrabazo's own testimony, supports the court's finding Urrabazo was aware of the issue of jury unanimity and inexcusably failed to raise it in his first postconviction relief case.

[¶11] The district court's findings were not induced by an erroneous view of the law and are supported by evidence. The court's finding that Urrabazo's second petition for postconviction relief is an abuse of process is not clearly erroneous.

B

[¶12] Urrabazo argues his trial counsel was ineffective for not raising the issue of jury unanimity at trial. He further argues his appellate counsel was ineffective for not raising the issue of jury unanimity on direct appeal.

3

[¶13] This Court's standard for ineffective assistance of counsel is well established:

> To prevail on a claim for ineffective assistance of counsel, the applicant must show: (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The question of ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal.

*Koon v. State*, 2023 ND 247, ¶ 21, 1 N.W.3d 593 (quoting *Kratz v. State*, 2022 ND 188, ¶ 12, 981 N.W.2d 891). "Courts need not address both prongs of the *Strickland* test, and if a court can resolve the case by addressing only one prong it is encouraged to do so." *Rourke v. State*, 2018 ND 137, ¶ 6, 912 N.W.2d 311 (quoting *Booth v. State*, 2017 ND 97, ¶ 8, 893 N.W.2d 186).

[¶14] The district court concluded Urrabazo did not show the jury was not unanimous. The court concluded Urrabazo's attorneys' representation was objectively reasonable because they had no grounds to argue lack of jury unanimity. A number of facts support the court's findings. First, the written verdict form signed by the jury leader indicates the jury found Urrabazo guilty. Second, the jury instructions include an instruction for the jury to come to a unanimous verdict. Third, following the polling of the jury, the court stated, "[t]he jury has been individually polled. The verdict is unanimous." Fourth, neither Urrabazo nor his trial counsel objected to the results of the polling of the jury. Fifth, Urrabazo's trial counsel testified the guilty verdict was unanimous. She further testified she would have remembered a non-unanimous jury because it would have been a unique issue. Sixth, Urrabazo testified at the postconviction hearing he did not remember whether the juror responded during the polling. Finally, the clerk reading the names of the jurors did not stop, indicating the juror provided a response, although the response is not captured on the recording. The court concluded:

> All these facts establish that the guilty verdict was unanimous. The juror's "non-response" in the transcript likely exists simply because the response was not captured by the court's recording

4

system. However, those in the courtroom, including Attorney Carlson and the presiding judge, heard each of the twelve jurors indicate the guilty verdict was their true and correct verdict. . . .

. . . Urrabazo at best has shown in this case a failure in the electronic recording equipment during jury polling, not a denial of his right to a unanimous verdict.

[¶15] Urrabazo only called himself in support of his claim; he could have called further witnesses to support his position and he chose not to. The State called Urrabazo's trial counsel and the district court found Urrabazo's trial counsel's testimony credible. The court did not find Urrabazo's testimony credible. "The task of weighing the evidence and judging the credibility of witnesses belongs exclusively to the trier of fact, and we do not reweigh credibility or resolve conflicts in the evidence." *Truelove v. State*, 2020 ND 142, ¶ 15, 945 N.W.2d 272 (quoting *Odom v. State*, 2010 ND 65, ¶ 12, 780 N.W.2d 666).

[¶16] The district court's finding Urrabazo did not show his counsels' representation fell below an objective standard of reasonableness was not induced by an erroneous view of the law and is supported by evidence. The court did not clearly err in finding Urrabazo did not show his counsels' representation was below the standard of reasonableness.

III

[¶17] We have considered the parties' other arguments and conclude they are unnecessary for the decision or are without merit. We affirm.

[¶18] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr