# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 151

Brandon Jerome Schweitzer,                          Petitioner and Appellant

v.

State of North Dakota,                              Respondent and Appellee

## No. 20240045

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Jackson J. Lofgren, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Dennis H. Ingold, Assistant State's Attorney, Bismarck, ND, for respondent and appellee.

**Crothers, Justice.**

[¶1]　Brandon Schweitzer appeals from a district court order denying his petition and amended petition for postconviction relief. He argues he received ineffective assistance of counsel when he pleaded guilty to four charges of fleeing a police officer, the underlying events occurred the same day during four pursuits over a five-hour span. Schweitzer alleges his attorney failed to advise him of a potential double jeopardy defense, failed to file a motion to dismiss some of the multiple fleeing charges, and failed to give him appropriate advice on whether to withdraw his guilty plea. We affirm.

I

[¶2]　On August 15, 2022, around 8:37 p.m., Schweitzer was driving a motorcycle without a license plate in Bismarck, North Dakota. Police tried to stop Schweitzer, but he rapidly sped away. The police attempted to again stop Schweitzer at 9:39 p.m., 11:14 p.m., and 1:20 a.m. During the pursuits, a North Dakota Highway Patrol aircraft and unmarked police vehicles followed Schweitzer. The aircraft and unmarked police vehicles monitored Schweitzer, but did not attempt to stop Schweitzer. On August 16, police apprehended Schweitzer at 1:43 a.m. The State charged Schweitzer with one count of reckless endangerment, four counts of fleeing a police officer, and one count of driving under suspension.

[¶3]　On August 25, 2022, the district court held a change of plea hearing. The court reviewed Schweitzer's charges and specifically noted "[c]ounts 2, 3, 4, and 5—are fleeing a peace officer at different times during that day." The court noted two charges occurred while fleeing on a motorcycle and two charges occurred while fleeing in a motor vehicle. The court asked Schweitzer if he understood the charges, and he responded he did. After a discussion about waiving the preliminary hearing, the court asked Schweitzer again if he understood the charges, reviewed the charges with his attorney, and asked if Schweitzer understood the potential penalties. Schweitzer responded he did.

[¶4]　The district court asked Schweitzer if he "had enough time to discuss this matter" with his attorney, and Schweitzer responded he did. The court asked if Schweitzer needed to have a private conversation with his attorney and Schweitzer responded, "I don't believe so." The court asked Schweitzer if he had any questions about any of the information given

to him, and he responded he did not. After this exchange, the court asked Schweitzer for a third time if he understood each fleeing charge correlated to a specific time he fled from police, and Schweitzer said he understood. The court continued stating, "[b]ecause they're broken up in the affidavit. So I just wanted to make sure you understood why there's four charges on the same day but for the same offense. Okay. So you have no questions about that at all?" Schweitzer responded that he did not have any questions.

[¶5]     During Schweitzer's change of plea hearing, the district court asked: "There's four counts of fleeing a police officer, second or subsequent offense, for each of those individually, do you plead not guilty or guilty?" Schweitzer pleaded guilty. The court asked if anyone forced or threatened Schweitzer to plead guilty and if his plea was of his "own free will and choice after discussing it with your attorney?" Schweitzer said he was not forced or threatened and the plea was made of his own free will. The court found Schweitzer made his plea voluntarily.

[¶6]     The district court asked Schweitzer if he wanted to review the affidavit, and Schweitzer responded that he already discussed it with his attorney over the phone. Undeterred, the court went through the affidavit, and Schweitzer confirmed he fled from police when their lights were on at high speeds on a motorcycle at first and then in a car. When asked for any further factual basis, the State added:

> "The first attempted traffic stop was approximately 2037 hours; that was with the motorcycle. Second stop was—approximately was 2139 on the motorcycle again. And the third attempted stop was at approximately 2314; that was near 6020 South 12th Street with Officer Jensen. And the fourth stop was near 1812 Bell Street. And then that is when the North Dakota Highway Patrol troopers placed spike strips, and Brandon Schweitzer's vehicle eventually came to a stop near 2500 block of East Boulevard Avenue."

The court found a factual basis for Schweitzer's six counts and sentenced him.

[¶7]     On November 1, 2022, Schweitzer filed a petition for postconviction relief, claiming his sentence was not authorized by law because he received "successive prosecutions and punishments for the same offense." He claimed his sentence violated the double jeopardy clause of the Fifth Amendment of the United States Constitution. Schweitzer's postconviction hearing was scheduled for July 2023.

[¶8]     On March 20, 2023, Schweitzer moved for a summary disposition. On May 31, 2023, the district court denied the motion citing *State v. Kurtenbach* and stating, "[a]n

2

unconditional guilty plea waives all nonjurisdictional [sic] defects alleged to have occurred prior to the guilty plea, including a double jeopardy claim." 2009 ND 190, ¶ 2, 776 N.W.2d 582. On August 2, 2023, Schweitzer amended his petition to include a claim of ineffective assistance of counsel because his attorney offered "no opposition to the charges as filed" and allowed Schweitzer to plead guilty to the charges, which caused his "Fifth Amendment double jeopardy rights to be violated." An evidentiary hearing was held on January 8, 2024.

[¶9]    In the order denying the petition and amended petition, the district court found Schweitzer and his attorney discussed his case before the change of plea hearing and the attorney recommended "waiting to offer pleas of guilty but Schweitzer wanted to" resolve the matters. The court also found that the attorney "indicated the information delineated the charges" because they occurred at different times, separate pursuits, and involved fleeing on a motorcycle and in a car. The court found Schweitzer "provided little relevant credible testimony." The court found Schweitzer failed to cite caselaw establishing "multiple counts of Fleeing a Peace Officer" were not appropriate because the charges "involved the same suspect in the same jurisdiction on the same day" and "were separated by the method of transportation, time, and location." The court also found Schweitzer failed to show his attorney was ineffective "for failing to raise a legal argument no authority supports."

[¶10]  The district court found Schweitzer did not meet the first prong of the *Strickland* test because he failed to show his attorney's "performance fell below an objective standard of reasonableness." The court denied Schweitzer's petition and amended petition. Schweitzer timely appealed.

II

[¶11]  "Postconviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Bridges v. State*, 2022 ND 147, ¶ 5, 977 N.W.2d 718. "Questions of law are fully reviewable on appeal of a post-conviction proceeding." *Chatman v. State*, 2018 ND 77, ¶ 6, 908 N.W.2d 724 (quoting *Middleton v. State*, 2014 ND 144, ¶ 5, 849 N.W.2d 196). "A trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a)." *Black Elk v. State*, 2023 ND 150, ¶ 5, 994 N.W.2d 394 (quoting *Hunter v. State*, 2020 ND 224, ¶ 11, 949 N.W.2d 841). A clearly erroneous finding exists if "it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence

3

to support it, a reviewing court is left with a definite and firm conviction a mistake has been made." *Black Elk,* at ¶ 5 (quoting *Hunter,* at ¶ 11).

[¶12]   Schweitzer argues he received ineffective assistance of counsel when he pleaded guilty to four charges of fleeing police. He alleges the four charges occurred during the same event and day, which he contends runs afoul of double jeopardy. He also alleges his attorney should have given him notice of a potential double jeopardy defense.

[¶13]   For a defendant to prevail on a claim for ineffective assistance of counsel, a party applying the *Strickland* test must show:

> "(1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The question of ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal."

*Koon v. State,* 2023 ND 247, ¶ 21, 1 N.W.3d 593 (quoting *Kratz v. State,* 2022 ND 188, ¶ 12, 981 N.W.2d 891). "Courts need not address both prongs of the *Strickland* test, and if a court can resolve the case by addressing only one prong it is encouraged to do so." *Urrabazo v. State,* 2024 ND 67, ¶ 13, 5 N.W.3d 521 (quoting *Rourke v. State,* 2018 ND 137, ¶ 6, 912 N.W.2d 311). "The *Strickland* test is a high bar and must be applied with scrupulous care." *Hunter,* 2020 ND 224, ¶ 10.

[¶14] The defendant must "overcome the 'strong presumption' that trial counsel's representation fell within the wide range of reasonable professional assistance, and courts must consciously attempt to limit the distorting effect of hindsight" when establishing the first *Strickland* prong. *Hunter,* 2020 ND 224, ¶ 12 (quoting *Rourke,* 2018 ND 137, ¶ 5). The court must find whether "the identified acts or omissions were outside the wide range of professionally competent assistance," which must be weighed "in light of all the circumstances." *Strickland v. Washington,* 466 U.S. 668, 690 (1984). The attorney's misconduct must have prejudiced the defendant. *Garcia v. State,* 2004 ND 81, ¶ 5, 678 N.W.2d 568.

[¶15]   When a "defendant pleads guilty on the advice of counsel, the defendant may only attack the voluntary and intelligent character of the guilty plea." *Black Elk,* 2023 ND 150, ¶ 16 (quoting *Abdi v. State,* 2021 ND 110, ¶ 10, 961 N.W.2d 303). "The voluntariness of such a guilty plea turns on 'whether that advice was within the range of competence

demanded of attorneys in criminal cases.'" *Damron v. State*, 2003 ND 102, ¶ 9, 663 N.W.2d 650 (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

[¶16] The district court found Schweitzer failed to show his attorney's advice fell below the objective standard of reasonableness. Fleeing a police officer occurs when a driver of a motor vehicle "willfully fails or refuses to bring the vehicle to a stop, or who otherwise flees or attempts to elude, in any manner, a pursuing police vehicle or peace officer, when given a visual or audible signal to bring the vehicle to a stop." N.D.C.C. § 39-10-71(1). The court found Schweitzer failed to provide substantive law supporting his claim that four counts of fleeing police during four pursuits on the same day violated the double jeopardy clause. Therefore, the court did not err when it found Schweitzer failed to meet his high burden of proving ineffective assistance of counsel. Moreover, the court's findings that Schweitzer failed to provide any law, rule, or evidence supporting his unfounded, conclusory statements that he received ineffective assistance of counsel during his change of plea hearing were not clearly erroneous. The court's findings were not induced by an erroneous view of the law, evidence exists to support the findings, and on the entire record, this Court is not left with a definite and firm conviction a mistake was made.

III

[¶17] The district court did not err in denying Schweitzer's petition and amended petition for postconviction relief. We affirm.

[¶18] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Michael P. Hurly, D.J.

[¶19] The Honorable Michael P. Hurly, D.J., sitting in place of Bahr, J., disqualified.

5