# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 43

Coby Edwards,                                          Petitioner and Appellant

v.

State of North Dakota,                                  Respondent and Appellee

## No. 20240042

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Richard E. Edinger, Fargo, ND, for petitioner and appellant.

Christopher W. Nelson (argued), Logan J. Smith (appeared), and Stephenie L. Davis (on brief), Assistant State's Attorneys, Minot, ND, for respondent and appellee.

**Edwards v. State**
**No. 20240042**

**Crothers, Justice.**

[¶1]   Coby Edwards appeals from a district court order denying his application for postconviction relief. Edwards argues the district court erred when it found he did not prove his ineffective assistance of counsel claim. We affirm, concluding Edwards failed to show a reasonable probability exists that the outcome of his trial would have been different absent deficient representation.

I

[¶2]   The State charged Edwards with class AA felony gross sexual imposition alleging Edwards engaged in a sexual act with a five-year-old child. Prior to trial, the State filed a notice under N.D.R.Ev. 803(24), which provides an exception to the rule against hearsay for statements made by a child about sexual abuse. The State gave notice it intended to offer statements the child made during a recorded interview at the Northern Plains Children's Advocacy Center and to a nurse practitioner during a forensic medical examination. After the interviewer and nurse practitioner testified at an evidentiary hearing, the court decided the statements were sufficiently trustworthy to qualify for the N.D.R.Ev. 803(24) exception to the rule against hearsay.

[¶3]   The case proceeded to a jury trial. Various witnesses testified including the child, the child's mother, the nurse practitioner, investigators, the forensic interviewer, Edwards's cellmates, Edwards's girlfriend and Edwards. Edwards's counsel advised the district court he had retained an expert witness, but the witness "could not make it today" so he would not be called to testify. In closing remarks, Edwards's counsel told the jury that he had difficulty communicating with Edwards because of policies at the facility where Edwards was on pretrial detention. The jury returned a guilty verdict, judgment was entered, and Edwards appealed. We affirmed in *State v. Edwards*, 2020 ND 200, 948 N.W.2d 832 (declining to review issues not raised at trial and not briefed on appeal under the obvious error standard).

[¶4]   Edwards filed an application for postconviction relief. He argued his trial counsel was ineffective for many reasons, including that counsel referred to the child as "the victim," failed to object to hearsay, and failed to call an expert witness. The district court held an evidentiary hearing. Both Edwards and his trial counsel testified. The court denied Edwards's application, deciding his trial counsel was not ineffective. The court found counsel's decision not to object to hearsay "could be attributed to trial strategy," and Edwards made no showing of what an expert would have testified had one been called. The court also decided counsel's references to the child as a victim constituted deficient representation, but found Edwards did not establish prejudice. The court explained:

> "The evidence presented against Edwards at trial was significant, most compelling of which was the testimony of Jane Doe. Jane Doe testified at trial that [Edwards] had touched her in her 'lower part.' Also entered into evidence was a DVD of the Children's Advocacy Center Interview of Jane Doe, whereby Jane Doe made detailed statements regarding the incidents as charged. Jane Doe indicated on anatomical drawings, submitted into evidence, where [Edwards] touched her with his 'wiggly' thing during 'wiggle time.'"

The court noted Edwards's cellmates testified Edwards told them he taught the child about sex, among other statements indicating culpability. The court found deficient representation "in and of itself is unlikely to have persuaded the Jury to convict Edwards."

[¶5]   Edwards appeals, arguing the district court erred by finding he failed to establish the outcome of his trial would have been different absent his trial counsel's deficient representation. He asserts he has shown "under the totality of circumstances" that his counsel's deficient representation caused him to be convicted when he otherwise would have been acquitted.

[¶6]   "Postconviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure to the extent the rules do not conflict with the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1." *Samaniego v. State*, 2024 ND 187, ¶ 6, 12 N.W.3d 827. The applicant bears the burden of establishing grounds for relief. *Id.* The standard for reviewing a postconviction relief decision made after an evidentiary hearing is well established:

> "A trial court's findings of fact in post-conviction relief proceedings will not be disturbed unless they are clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction that a mistake has been made. Questions of law are fully reviewable on appeal of a post-conviction proceeding."

*Id.* (quoting *Urrabazo v. State*, 2024 ND 67, ¶ 6, 5 N.W.3d 521).

[¶7]   Effective assistance of counsel in a criminal proceeding is a constitutional right. *See* U.S. Const. amend. VI; N.D. Const. art. I, § 12; *Damron v. State*, 2003 ND 102, ¶ 6, 663 N.W.2d 650. An applicant for postconviction relief based on ineffective assistance of counsel must satisfy the test from *Strickland v. Washington*, 466 U.S. 668, 688-90 (1984).

> "Surmounting *Strickland's* high bar is never an easy task. An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial or in pretrial proceedings, and so the *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one . . . . It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence."

*Booth v. State*, 2017 ND 97, ¶ 7, 893 N.W.2d 186 (quoting *Premo v. Moore*, 562 U.S. 115, 122 (2011)).

[¶8] Under *Strickland's* test, the applicant must show (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Brewer v. State*, 2019 ND 69, ¶ 5, 924 N.W.2d 87 (quoting *Rourke v. State*, 2018 ND 137, ¶ 5, 912 N.W.2d 311). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Brewer*, ¶ 9 (quoting *Middleton v. State*, 2014 ND 144, ¶ 6, 849 N.W.2d 196).

> "[U]nless counsel's errors are so blatantly and obviously prejudicial that they would in all cases, regardless of the other evidence presented, create a reasonable probability of a different result, the prejudicial effect of counsel's errors must be assessed within the context of the remaining evidence properly presented and the overall conduct of the trial."

*Brewer*, ¶ 9 (quoting *Middleton*, ¶ 13). "'Courts need not address both prongs of the *Strickland* test, and if a court can resolve the case by addressing only one prong it is encouraged to do so.'" *Samaniego*, 2024 ND 187, ¶ 9 (quoting *Rourke*, ¶ 6).

A

[¶9] Edwards argues his trial counsel's references to the child as a victim indicated he was guilty. Edwards's trial counsel made the following remarks during his opening statement:

> "The little victim, and forgive me for calling her the little victim. There are certain rules that we have to play by. One is we don't want to bring up her name. We want to protect her identity. These are open hearings. There is a transcript. It will be an open record. We just do whatever we can to protect her identity. So I will just refer to as the little girl, the little victim. But that's who I am talking about."

Counsel continued during trial to refer to the child as "the victim" and "Jane Doe." The State concedes counsel's use of the term "victim" violated *Strickland's*

first prong. The State argues Edwards did not satisfy prong two because it presented significant evidence of Edwards's guilt. The State points to the child's account of the abuse in the recorded interview and also her testimony in court. As we discuss more fully below, we agree the child's testimony was harmful to Edwards. We also note counsel made statements mitigating prejudice that may have been caused by his use of the term "victim." Counsel told the jury he was calling the child "the victim" to protect her identity, and counsel unequivocally told the jury the State failed to meet its burden of proof and Edwards should be acquitted. Counsel's advocacy on behalf of Edwards during the trial undercuts Edwards's argument on appeal. The district court did not err in finding counsel's references did not change the outcome of the trial.

B

[¶10] Edwards argues the child's testimony was bolstered by inadmissible hearsay provided by a nurse practitioner and a detective. Terrilyn Braasch, the nurse practitioner who examined the child, testified:

> "Q:    Okay. You referenced some terminology that the child used. Did she make any statements to you about the allegations?
>
> A:    So when asking her in our review of systems which basically you just ask general questions, when I come to the part of her genital urinary system I asked her if it ever hurt when she urinated. And she said yes, after she was wiggled with."

Edwards did not object. Detective Keith Miller later testified:

> "Q:    And how did that report come to you?
>
> A:    We received a 960 forwarded to us from Child Protective Service. In the 960 the foster parent who made the 960 referenced when she was changing Jane Doe's brother that Jane Doe had referenced her brother's penis, stating that [Edwards] had one and that he wiggled it by her.
>
> . . .

5

Q:    Did Jane Do make any disclosures regarding sexual activity during the course of that interview?

A:    Yes, she did.

Q:    What did she say?

A:    She made reference of—the interviewer asked if she had ever seen a penis other than on her brother. And she did state that she had. And when asked about that she stated that she has seen [Edwards's] during wiggle time.

Q:    Did she define wiggle time?

A:    When the interviewer asked what wiggle time was she made a motion—

      MR. McCABE: Objection, Your Honor. I believe the interviewer is coming in later as a witness. She can testify to this herself. This is hearsay."

The district court sustained Edwards's objection. The interviewer later testified and a recording of the forensic interview was admitted and played for the jury.

[¶11] After the hearing on Edwards's application for postconviction relief, the State submitted a brief arguing: "The hearsay testimony was cumulative and most likely inadmissible, but the jury would have heard the forensic interview of the victim regardless of the objections because the evidence was properly admitted by the Court." The State now contends the testimony was not hearsay. The State asserts the statements were admissible under N.D.R.Ev. 803(24) exception for children's statements about sexual abuse. Edwards argues the State, given its prior position, is precluded from arguing the statements are not hearsay. Edwards asserts the statements were inadmissible and especially prejudicial because they bolstered the child's testimony and the child "didn't say much at all" during trial.

6

[¶12] The child's in-court testimony on its own was very damaging to Edwards's case. The State asked the child whether, while she was living at Edwards's house, anyone touched her "somewhere where you didn't want them to touch you." The child responded "yes," and explained Edwards touched her "lower part" with "his hands" while she was in bed in a camper "outside of town." When the State asked the child to identify what she meant by "lower part," she pointed to a circle around genitalia on an anatomical drawing of a girl. The child denied Edwards touched her with anything other than his hands. We recognize some discrepancy exists between the child's testimony and interview as to whether Edwards touched her genitals with his hands or his penis. The jury heard both the recorded interview and the child's live testimony. Having heard both, the jury was able to assess the child's credibility and resolve any conflicts between the two. Even assuming Braasch and Miller's testimony about the child's out-of-court statements were inadmissible, the district court's finding that they did not change the trial's outcome was not clearly erroneous.

C

[¶13] Edwards argues his counsel made an improper statement during closing arguments about his pretrial incarceration, which he claims raised an inference of guilt. In Edwards's words, his counsel's comments indicated he was "guilty because he is still in jail and could not post bail."

[¶14] Edwards did not raise this issue in the district court, and his appellate brief contains no citation to the record identifying where he preserved the issue for review as required by N.D.R.App.P. 28(b)(7)(B)(ii). Therefore, the issue was not preserved for appellate review and was subject to consideration only for obvious error. *State v. Chatman,* 2015 ND 296, ¶ 26, 872 N.W.2d 595 ("When an issue is not raised in the trial court, even a constitutional issue, this Court will not address the issue on appeal unless the alleged error rises to the level of obvious error."). Edwards did not claim obvious error and we decline to further address the claim. *State v. Thomas,* 2020 ND 30, ¶ 15, 938 N.W.2d 897 (declining to address the argument when a party did not raise the issue to the trial court and failed to argue obvious error on appeal).

## D

[¶15] Edwards argues the cumulative effect of his counsel's errors changed the outcome of the trial. He asserts the State had a weak case. He notes a forensic examination of the child revealed no abnormal genital findings, the child could not identify him in court, and his cellmates were not credible because of their criminal backgrounds. Edwards understates the evidence against him. A nurse practitioner testified 95% of forensic examinations conducted more than 72 hours after an occurrence of sexual abuse do not reveal abnormal findings. Along with the child, other witnesses had trouble identifying Edwards because his appearance had changed before trial due to a haircut and shaved face. Although Edwards's cellmates had criminal backgrounds, they each consistently testified Edwards told them he taught the child about sex. The State presented substantial evidence of guilt, including the child's in-court testimony about the crime. The district court did not clearly err by finding Edwards failed to show a reasonable probability exists the outcome of his trial would have been different absent deficient representation.

## III

[¶16] The order denying Edwards's application for postconviction relief is affirmed.

[¶17] Jon J. Jensen, C.J.
 Daniel J. Crothers
 Lisa Fair McEvers
 Jerod E. Tufte
 Douglas A. Bahr

8