2009 ND 81

**Wendy HAUGROSE, f/k/a Wendy Anderson, Plaintiff and Appellee**

v.

**Corey ANDERSON, Defendant and Appellant.**

**No. 20080131.**

Supreme Court of North Dakota.

May 14, 2009.

Michael S. McIntee, McIntee Law Firm, Bottineau, for plaintiff and appellee.

Paul M. Probst, Probst Law Firm, Minot, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1]   Corey Anderson appeals a district court order denying his motion for change of custody of his minor son from the mother, Wendy Haugrose, formerly known as Wendy Anderson, to himself.  We reverse and remand, concluding the district court's findings of fact lacked sufficient specificity to allow us to conduct a meaningful appellate review.

I

[¶ 2]   Anderson and Haugrose divorced in 2002.  They have one son, C.A., born in 1993.  Haugrose was awarded sole custody of their son, and Anderson was granted visitation rights.  Shortly thereafter, Haugrose remarried and relocated with her new husband, J.D. Haugrose, her daughter, and C.A. to outside Williston. Anderson continues to live in Bottineau, where he currently resides with his fiancée.  C.A. attends school in Trenton, North Dakota, and has a learning disability for which he has followed an individual education plan.

[¶ 3]   In 2004, Anderson moved for a change of custody.  Haugrose opposed his motion and the district court denied it, ruling that a prima facie case had not been established.

[¶ 4]   In 2007, Anderson again moved for a change of custody.  In his affidavit, he alleged the following: Haugrose's remarriage and relocation from Bottineau to Williston has been difficult for C.A.; Haugrose makes visitations and phone calls between himself and C.A. difficult; Haugrose does not allow C.A. to have a relationship with his maternal grandparents; C.A. does not get along with his stepfather, and Haugrose pays attention to C.A. only when she is mad at him; and C.A.'s grades have dropped significantly. Finding Anderson had established a prima facie case sufficient for an evidentiary hearing, the district court scheduled one for March 2008.  Following the hearing, the district court, finding that there has been no material change in circumstances and that Anderson does not fully appreciate the educational needs of C.A., denied Anderson's motion.

[¶ 5]   The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  The appeal was timely under N.D.R.App.P. 4(a).  This

Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 6] Anderson argues the district court erred in finding there was no material change in circumstances, because his affidavit in support of the custody modification motion provided facts establishing a prima facie case that would support a custody modification.

[¶ 7] "A district court's decision whether to change custody is a finding of fact subject to the clearly erroneous standard of review." *Stanhope v. Phillips–Stanhope*, 2008 ND 61, ¶ 7, 747 N.W.2d 79. "A finding of fact is clearly erroneous if there is no evidence to support it, if the finding is induced by an erroneous view of the law, or if the reviewing court is left with a definite and firm conviction a mistake has been made." *Id.* According to N.D.R.Civ.P. 52(a), a district court trying an action upon the facts without a jury "shall find the facts specially." Moreover, the district court is required to make such findings of fact and conclusions of law that are sufficient to enable the appellate court to understand the factual determinations made by the district court and the basis for its conclusions of law. *Rothberg v. Rothberg*, 2006 ND 65, ¶ 14, 711 N.W.2d 219. To this end, the district court's "findings of fact ... should be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding" of the district court's decision. *Id.*

[¶ 8] To modify an original custodial placement, the district court needs to make a two-step analysis. N.D.C.C. § 14–09–06.6(6). Accordingly, a district court may modify a prior custody order if it finds a material change in circumstances following the original custody determination and decides custody modification is necessary to serve the best interests of the child. The burden of proof rests with the parent seeking to modify custody. *Mosbrucker v. Mosbrucker*, 1997 ND 72, ¶ 6, 562 N.W.2d 390. A court does not reach the consideration of the best interest factors unless it first finds a significant change in circumstances. *Niemann v. Niemann*, 2008 ND 54, ¶ 14, 746 N.W.2d 3.

[¶ 9] Not every change is sufficient to warrant a change of custody. *Siewert v. Siewert*, 2008 ND 221, ¶ 17, 758 N.W.2d 691. We have previously defined a material change in circumstances as "'important new facts that were unknown at the time of the initial custody decree.'" *Stanhope v. Phillips–Stanhope*, 2008 ND 61, ¶ 6, 747 N.W.2d 79 (citation omitted).

## III

[¶ 10] At oral argument, Anderson argued on the basis of *Peek v. Berning*, 2001 ND 34, 622 N.W.2d 186, that the case should be remanded for factual findings on the relevant best interest of the child factors in N.D.C.C. § 14–09–06.2 and for explanation of the current findings of fact.

[¶ 11] Here, unlike in *Stanhope v. Phillips–Stanhope*, 2008 ND 61, ¶ 14, 747 N.W.2d 79, in which the district court addressed all of the appellant's arguments, finding that he did not establish a material change in circumstances to support a change of custody, the district court's findings of fact are insufficient for a meaningful appellate review. While it appears the district court based its decision mainly on its finding that Anderson does not fully appreciate C.A.'s educational needs, its meager findings of fact and the lack of findings with respect to most of Anderson's allegations provide little in-

sight into the rationale for the district court's decision.

▮ [¶ 12] For example, Anderson alleged that Haugrose's remarrying and moving to Williston has been difficult for C.A. While remarriage alone does not automatically dictate a change of custody, *Barstad v. Barstad*, 499 N.W.2d 584, 587 (N.D.1993), it may create a material change in circumstances. *Mosbrucker v. Mosbrucker*, 1997 ND 72, ¶ 10, 562 N.W.2d 390. Despite the record's reflecting that at the time Anderson moved for a change in custody in 2004 Haugrose had already remarried and relocated to Williston, the district court made no findings of fact with respect to the effects these events might have had on C.A. in accordance with Anderson's allegations.

[¶ 13] "In any possible future hearing involving custody, one's failure to permit reasonable visitation could be a very significant factor in the court's ultimate disposition of the issue." *Lapp v. Lapp*, 293 N.W.2d 121, 131 (N.D.1980). Anderson alleged that although C.A. calls him almost every day, Haugrose makes visitation and telephone calls between himself and C.A. difficult. At the child custody hearing, there was conflicting testimony in that respect. The district court, however, made no fact findings with respect to whether Haugrose makes visitation and telephone calls between Anderson and C.A. difficult.

▮ [¶ 14] For purposes of modifying child custody, a "material change of circumstances can occur if a child's present environment may endanger the child's physical or emotional health or impair the child's emotional development." *Kourajian v. Kourajian*, 2008 ND 8, ¶ 12, 744 N.W.2d 274 (citations omitted). Anderson has alleged that C.A. told him that he does not get along with J.D. Haugrose and that Haugrose pays attention to him only when she is mad at him. At the child custody hearing, C.A. testified that both his mother and J.D. Haugrose have hit him on different occasions. The record reflects the district court made no findings regarding whether C.A.'s present environment endangers his physical or emotional health or development.

▮ [¶ 15] An additional reason raised by Anderson for a change of custody was C.A.'s desire to live with him. A mature child's preference should be considered by the district court as a change in circumstances "if there are persuasive reasons for that preference, persuasive enough to result in a change of custody." *Mosbrucker v. Mosbrucker*, 1997 ND 72, ¶ 10, 562 N.W.2d 390; *Mertz v. Mertz*, 439 N.W.2d 94, 96–97 n. 2 (N.D.1989). Here, the district court's finding regarding C.A.'s desire to live with Anderson was limited to a one-line sentence, "[C.A.] has testified that he wants to live with his father." Unlike in *Krizan v. Krizan*, 1998 ND 186, ¶ 8, 585 N.W.2d 576, in which the district court made specific findings with respect to the children's expressed preference to live with the noncustodial parent, here we can only speculate the district court either did not find C.A. to be a mature child or the district court did not consider the reasons presented during C.A.'s testimony to be persuasive enough to result in a change of custody. We cannot, however, conduct a meaningful review on the basis of what we can speculate or assume; the district court's findings of fact must be stated with sufficient specificity to allow an appellate review. *Rothberg v. Rothberg*, 2006 ND 65, ¶ 14, 711 N.W.2d 219.

[¶ 16] In light of the district court's meager findings of fact, we conclude its general finding that there exists no material change of circumstances justifying a change of custody does not afford a clear understanding of the court's decision.

## IV

[¶ 17]  Although the change of custody analysis differs from an original custody decree in that the latter focuses entirely on the best interests of the child while the former requires first a finding of a significant change in circumstances, the district court must in this case comply with N.D.R.Civ.P. 52(a) and further explain its findings of fact as well as make specific findings with regard to Anderson's allegations.

[¶ 18]  Because our review of this case is significantly hampered by the district court's failure to make specific, detailed findings on the relevant issues, we reverse and remand for further findings and explanation of the basis for the court's determination.

[¶ 19] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.