2011 ND 28

**In the Matter of the ESTATE OF Bryan Keith HAUGEN, Deceased.**

**Lanae Hartvickson, Petitioner**

v.

**Stacy Lee Haugen, Respondent and Appellant**

and

**Joyce Haugen Respondent and Appellee.**

**No. 20100165.**

Supreme Court of North Dakota.

Feb. 8, 2011.

Timothy George Richard (argued), Fargo, ND, for respondent and appellant.

John Thomas Traynor, Jr. (argued), Devils Lake, ND, for respondent and appellee.

CROTHERS, Justice.

[¶ 1] Stacy L. Haugen appeals the district court's order determining testacy and settlement of account, and closing of Bryan K. Haugen's estate. We reverse and remand for the district court to enter an order awarding Stacy Haugen the entire estate and to make the necessary findings of fact on the issues in dispute.

I

[¶ 2] Bryan Haugen died in July 2006. He was separated from his wife Stacy Haugen. Bryan Haugen was predeceased by both his parents. Bryan Haugen executed a will giving all his property to S. Scott Hartvickson, a family friend. S. Scott Hartvickson predeceased Bryan Haugen. The will named S. Scott Hartvickson as the personal representative and Lanae Hartvickson as the alternative personal representative. The will had no residuary clause.

[¶ 3] On August 9, 2006, the district court approved informal probate and appointed Lanae Hartvickson personal representative. Joyce Haugen, Bryan Haugen's paternal grandmother, and Stacy Haugen filed demands for notice. On October 26, 2006, Stacy Haugen filed a petition exercising her right to an elective share.

[¶ 4] A petition to close the estate was filed on November 18, 2009, and an inventory and accounting was filed on November 25, 2009. Stacy Haugen filed a response to the petition to close the estate, arguing she is entitled to receive the entire estate under the laws of intestacy and alleging deficiencies with the inventory and the accounting. Joyce Haugen filed a response to the petition to close the estate, arguing she is entitled to receive a portion of Bryan Haugen's estate under intestate succession. A hearing was held on December 8, 2009, and the personal representative was the only witness. On April 5, 2010, the district court filed an order approving the inventory and accounting and distributing half the estate to Stacy Haugen and half to Joyce Haugen. Stacy Haugen appealed.

II

[¶ 5] Stacy Haugen argues the district court erred by awarding Joyce Haugen half of Bryan Haugen's estate because as the surviving spouse she is entitled to the entire estate under the laws of intestate succession. We agree.

[¶ 6] The standard of review is de novo when we review the district court's interpretation of the intestate and elective share statutes. *In re Estate of Samuelson*, 2008 ND 190, ¶ 11, 757 N.W.2d 44 ("Issues regarding the interpretation and application of a statute are questions of law and are fully reviewable on appeal.").

[¶ 7] Bryan Haugen died with a valid will; however, Bryan Haugen's devise to S. Scott Hartvickson failed because

S. Scott Hartvickson predeceased him. When a devise fails because the devisee predeceases the testator, that devise "becomes a part of the residue." N.D.C.C. § 30.1–09–06(1); *see also Jordan v. Anderson,* 421 N.W.2d 816, 819–20 (N.D. 1988). Scott Haugen's will does not have a residuary clause, and as a result, the will does not dispose of his property. "Any part of a decedent's estate not effectively disposed of by will passes by intestate succession." N.D.C.C. § 30.1–04–01(1). Bryan Haugen's estate passes according to the laws of intestate succession because his will does not dispose of his estate.

[¶ 8] When a decedent's estate passes through intestate succession, a decedent's surviving spouse receives the entire estate if "[n]o descendant or parent of the decedent survives the decedent." N.D.C.C. § 30.1–04–02(1)(a). Stacy Haugen is Bryan Haugen's surviving spouse. Stacy Haugen and Joyce Haugen agree Stacy Haugen and Bryan Haugen's separation does not affect the distribution of Bryan Haugen's estate. Bryan Haugen does not have any descendants, and both of his parents predeceased him. Thus, Stacy Haugen is entitled to inherit the entire estate under section 30.1–04–02(1)(a), as Bryan Haugen's surviving spouse. N.D.C.C. § 30.1–04–02(1)(a).

[¶ 9] Joyce Haugen asserts she is entitled to a portion of the estate under section 30.1–04–03, N.D.C.C. Section 30.1–04–03 directs how to distribute property that does not pass to the decedent's surviving spouse under section 30.1–04–02. N.D.C.C. §§ 30.1–04–02 and 30.1–04–03. However, when the entire estate is distributed under section 30.1–04–02, nothing is left to distribute under section 30.1–04–03. *See* N.D.C.C. § 30.1–04–03 ("Any part of the intestate estate not passing to a decedent's surviving spouse under section 30.1–04–02 . . . passes in the following order to the individuals who survive the decedent."). Here, Stacy Haugen receives the entire estate under section 30.1–04–02(1)(a), and nothing is left to distribute to Joyce Haugen under section 30.1–04–03.

[¶ 10] Joyce Haugen argues Stacy Haugen is disinherited under the will. Section 30.1–04–01(2), N.D.C.C., provides, "A decedent, by will, may expressly exclude or limit the right of an individual or class to succeed to property of the decedent passing by intestate succession." This Court has stated, "The plain language of [section 30.1–04–01(2)] makes it clear that disinheritance . . . must be expressed and cannot be implied." *In re Estate of Samuelson,* 2008 ND 190, ¶ 17, 757 N.W.2d 44. The comment to section 30.1–04–01 provides:

"A clear case [of exclusion] would be one in which the decedent's will expressly states that an individual is to receive none of the decedent's estate. Examples would be testamentary language such as 'my brother, Hector, is not to receive any of my property' or 'Brother Hector is disinherited.'"

N.D.C.C. § 30.1–04–01 cmt.

[¶ 11] The first clause of Bryan Haugen's will states, "I declare that I am married to Stacy L. Haugen; however, I am filing for divorce and that I have no children, natural or adopted, at the time of executing this, my Last Will and Testament." The ninth clause states, "All of my heirs not mentioned in this will have been intentionally omitted." Stacy Haugen is mentioned in the will but she is left no property, thus creating uncertainty whether Bryan Haugen intended to exclude Stacy Haugen from intestate succession. Section 30.1–04–01, N.D.C.C., requires express language, not just uncertainty. *See In re Estate of Samuelson,* 2008 ND 190, ¶ 17, 757 N.W.2d 44. The language in

Bryan Haugen's will does not expressly disinherit Stacy Haugen.

[¶ 12] Joyce Haugen argues, without supporting authority, Stacy Haugen forfeited receiving the entire estate by failing to withdraw her petition for exercise of an elective share under chapter 30.1–05, N.D.C.C. The North Dakota Rules of Civil Procedure allow parties to state more than one claim or defense. *See* N.D.R.Civ.P. 8(a) and 8(e)(2). Stacy Haugen's response to the petition to close the estate shows her petition to exercise an elective share is an alternative claim. Stacy Haugen did not forfeit her right to receive the entire estate through the laws of intestate succession by not withdrawing her petition for exercise of an elective share.

[¶ 13] We conclude the district court erred by distributing half the estate to Stacy Haugen as her elective share and the other half of the estate to Joyce Haugen. Stacy Haugen is entitled to receive Bryan Haugen's entire estate under section 30.1–04–02(1)(a), N.D.C.C., and we remand for entry of such an order.

### III

[¶ 14] Stacy Haugen argues the district court should not have approved the final inventory and accounting because the value at which the personal representative sold assets was in dispute and because not all assets were accounted for. The personal representative did not submit a brief.

[¶ 15] We review a district court's decision to approve a final inventory and accounting under an abuse of discretion standard. *See In re Estate of Hass*, 2002 ND 82, ¶ 15, 643 N.W.2d 713. This Court has stated:

"A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when

it misinterprets or misapplies the law. An abuse of discretion by the district court is never assumed, and the burden is on the complaining party to affirmatively establish an abuse of discretion. The party seeking relief must show more than that the district court made a 'poor' decision, but that it positively abused the discretion it has. We will not overturn the district court's decision merely because it is not the decision we may have made had we decided the motion."

*In re Estate of Cashmore*, 2010 ND 159, ¶ 21, 787 N.W.2d 261 (internal citations omitted). The underlying factual findings are reviewed under the clearly erroneous standard. *In re Estate of Hass*, 2002 ND 82, ¶ 15, 643 N.W.2d 713. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, we are left with a definite and firm conviction a mistake has been made." *Id.*

[¶ 16] Rule 52(a) of the North Dakota Rules of Civil Procedure requires, "In all actions tried upon the facts without a jury ... the [district] court shall find the facts specially and state separately its conclusions of law." N.D.R.Civ.P. 52(a). We have explained:

"[T]he district court is required to make such findings of fact and conclusions of law that are sufficient to enable the appellate court to understand the factual determinations made by the district court and the basis for its conclusions of law. To this end, the district court's 'findings of fact ... should be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding' of the district court's decision."

*Haugrose v. Anderson*, 2009 ND 81, ¶ 7, 765 N.W.2d 677 (quoting *Rothberg v. Roth-*

*berg,* 2006 ND 65, ¶ 14, 711 N.W.2d 219) (internal quotation omitted).

[¶ 17] Stacy Haugen asserts the inventory and accounting were not timely filed, items are missing from the inventory, the inventory does not list the fair market value of each item listed, Bryan Haugen's 1970 Chevelle was sold for less than fair market value, the personal representative breached her fiduciary duty by selling Bryan Haugen's gun collection to her brother-in-law, the personal representative breached her fiduciary duty by spending more money on the farmhouse owned by the estate than was received in rental proceeds and Joyce Haugen did not pay her portion of the expenses for the jointly owned farmhouse. These issues were presented to the district court in Stacy Haugen's response to the petition to close the estate. The only findings the district court made about the inventory and accounting are:

> "An Inventory and Accounting, which does list value of all property owned by the decedent at the time of his death, has been filed with the clerk, and a copy was served upon all heirs on November 24, 2009."

> "The final Accounting that was filed with the petition, which does list all receipts to the estate and all disbursements form [sic] the estate during its administration has been filed with the clerk."

The personal representative did not file a brief explaining how these assets were handled, and the district court's findings do not address the issues in dispute and do not allow meaningful appellate review in this case. *See Haugrose,* 2009 ND 81, ¶ 11, 765 N.W.2d 677. The district court erred by not making findings that allow for appellate review. *Id.* We reverse and remand for further proceedings.

A

[¶ 18] Stacy Haugen asserts the district court abused its discretion by approving the inventory and accounting when the personal representative gave Bryan Haugen's roommate a trailer for an undocumented debt. This issue was not raised to the district court. "Issues not raised before the trial court cannot be raised for the first time on appeal." *Isaacson v. Isaacson,* 2010 ND 18, ¶ 15, 777 N.W.2d 886 (quoting *Klose v. Klose,* 524 N.W.2d 94, 96 (N.D.1994)). We are precluded from reviewing this issue on appeal because Stacy Haugen did not raise it to the district court, although she may do so on remand.

B

[¶ 19] Stacy Haugen asserts the personal representative did not list Bryan Haugen's maternal grandmother as a potential heir. As discussed in section II, Stacy Haugen is entitled to receive the entire estate under the laws of intestate succession. Therefore, the personal representative's failure to include Bryan Haugen's maternal grandmother as a potential heir has no effect on the distribution of the estate.

IV

[¶ 20] The trial judge who presided over this matter is no longer on the court; therefore, this case must be reassigned on remand. The successor judge must comply with the requirements of Rule 63, N.D.R.Civ.P., regarding certification of familiarity with the record and regarding the conduct of further proceedings.

V

[¶ 21] The order of the district court is reversed and remanded to enter an order awarding Stacy Haugen the entire estate and to make the necessary findings of fact.

[¶ 22]   GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.