# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 137

Steven Charles Rademacher,                           Petitioner and Appellant

v.

State of North Dakota,                               Respondent and Appellee

## No. 20250023

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Benjamen J. Johnson, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant; on brief.

Nathan K. Madden, Assistant State's Attorney, Williston, ND, for respondent and appellee; on brief.

**Bahr, Justice.**

[¶1]   Steven Rademacher appeals from a district court judgment denying his petition for postconviction relief. Rademacher argues the court erred in denying his petition because his trial counsel provided ineffective assistance by failing to secure a complete vehicle examination and by failing to obtain an independent criminal responsibility evaluation. We affirm.

I

[¶2]   In 2019, the State charged Rademacher with one count of murder, two counts of attempted murder, and three counts of terrorizing, after he drove his truck into a yard, striking and killing one person and injuring others. After a trial, the jury found Rademacher guilty of murder, attempted murder, and terrorizing. This Court affirmed the criminal judgments on appeal. *State v. Rademacher*, 2023 ND 9, 984 N.W.2d 660.

[¶3]   In 2023, Rademacher applied for postconviction relief. In his amended petition for postconviction relief, Rademacher alleged his trial counsel provided ineffective assistance by "failing to investigat[e his] defense that the brakes on the vehicle had been tampered with," and "by not requesting a criminal responsibility evaluation by a second psychiatrist independent from the North Dakota State Hospital." The State opposed the petition. The State filed a motion to dismiss, which Rademacher opposed. The district court denied the motion.

[¶4]   In November 2024, the district court held an evidentiary hearing on the petition. Rademacher's trial counsel testified, and the State offered exhibits into evidence, including a State Hospital evaluation report, the mechanic's report on the truck, and various photographs. Both parties filed post-hearing briefs. The court denied Rademacher's petition and entered judgment.

1

## II

[¶5]   In postconviction proceedings, the applicant has the burden to establish the grounds for relief. *Urrabazo v. State*, 2024 ND 67, ¶ 6, 5 N.W.3d 521. This Court's standard of review in postconviction proceedings is well-established:

> A trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). A finding is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction a mistake has been made. Questions of law are fully reviewable on appeal of a post-conviction proceeding.

*Jung v. State*, 2024 ND 94, ¶ 6, 6 N.W.3d 853 (quoting *Black Elk v. State*, 2023 ND 150, ¶ 5, 994 N.W.2d 394). "The task of weighing the evidence and judging the credibility of witnesses belongs exclusively to the trier of fact, and we do not reweigh credibility or resolve conflicts in the evidence." *Urrabazo*, ¶ 15 (quoting *Truelove v. State*, 2020 ND 142, ¶ 15, 945 N.W.2d 272). "Conflicts in testimony are resolved in favor of affirmance, as this Court has recognized the district court is in a superior position to assess credibility of witnesses and weigh the evidence." *Isxaaq v. State*, 2021 ND 148, ¶ 13, 963 N.W.2d 260.

## III

[¶6]   Rademacher argues the district court erred by denying his claims his trial counsel provided ineffective assistance. This Court's standard for claims of ineffective assistance of counsel is well-established:

> To prevail on a claim for ineffective assistance of counsel, the applicant must show: (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The question of ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal.

*Urrabazo*, 2024 ND 67, ¶ 13 (quoting *Koon v. State*, 2023 ND 247, ¶ 21, 1 N.W.3d 593); *see also Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984) (establishing the requirements for ineffective assistance of counsel). "The *Strickland* test is a high bar and must be applied with scrupulous care." *Hunter v. State*, 2020 ND 224, ¶ 10, 949 N.W.2d 841.

[¶7] "To establish the first prong, the applicant must 'overcome the "strong presumption" that trial counsel's representation fell within the wide range of reasonable professional assistance, and courts must consciously attempt to limit the distorting effect of hindsight.'" *Hunter*, 2020 ND 224, ¶ 12 (quoting *Rourke v. State*, 2018 ND 137, ¶ 5, 912 N.W.2d 311). "To establish the second prong, 'the defendant must specify how and where trial counsel was incompetent and the probable different result.'" *Id.* ¶ 13 (quoting *Brewer v. State*, 2019 ND 69, ¶ 9, 924 N.W.2d 87). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Brewer*, ¶ 9). "Courts need not address both prongs of the *Strickland* test, and if a court can resolve the case by addressing only one prong it is encouraged to do so." *Urrabazo*, 2024 ND 67, ¶ 13 (quoting *Rourke*, ¶ 6). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Hunter*, ¶ 13 (quoting *Rourke*, ¶ 6).

A

[¶8] Rademacher argues he received ineffective assistance of counsel when his trial counsel, Steven Mottinger, failed to secure a "complete" vehicle examination. Specifically, Rademacher argues Mottinger should have had the vehicle's brake system examined.

[¶9] Addressing the first prong of the *Strickland* test, the district court found:

> Attorney Mottinger testified that Rademacher brought up a possible issue with the accelerator sticking in the vehicle that he was driving. Mottinger testified that Rademacher never brought up the possibility that his vehicle's brakes were defective. Mottinger testified that there was no evidence indicating that the vehicle's brakes were defective. Mottinger testified that he did not have any reason to investigate an issue with the vehicle's brakes as there was

3

no evidence indicating there was an issue with the brakes and Rademacher did not bring up the issue to Mottinger.

> . . . .
>
> The record before the Court indicates that Rademacher was not concerned about the vehicle's brakes prior to trial. Rademacher did not bring up a possible issue with the brakes to Attorney Mottinger. There was no evidence in the case that indicated a possible defect with the brakes.

[¶10] Later, the district court found "there were multiple pieces of evidence indicating that there was no issue with the vehicle's brakes[.]" That evidence included:

> Rademacher's statement to investigators that he had driven the vehicle to Montana earlier in the day; the fact that Rademacher initially drove away, slowed down, and executed a U-turn to drive back to where the incident took place; the fact that he drove the vehicle from the scene; and the fact that law enforcement observed him drive the vehicle into a gas station and stop the vehicle without issue prior to detaining Rademacher.

[¶11] Based on its findings, the district court concluded Rademacher "failed to demonstrate [his] trial counsel's representation fell below an objective standard of reasonableness," and Rademacher "failed to show that his trial counsel was ineffective due to the alleged brake issue."

[¶12] After reviewing the record, we conclude the district court's findings of fact are not clearly erroneous. We further conclude the court did not err in determining Rademacher failed to establish his trial counsel's failure to investigate the vehicle's brake system under the facts of this case fell below an objective standard of reasonableness.

B

[¶13] On appeal, Rademacher argues he received ineffective assistance of counsel when his trial counsel failed to obtain an independent criminal responsibility evaluation.

4

[¶14] Although unclear, Rademacher appears to argue that, although the North Dakota State Hospital conducted an evaluation regarding his fitness to proceed, it did not conduct a criminal responsibility evaluation. Rademacher asserts the district court identified his argument as "a lack of a criminal responsibility evaluation."

[¶15] Rademacher cites *Johnson v. State*, 2006 ND 122, 714 N.W.2d 832, for the proposition he was entitled to a criminal responsibility examination. In *Johnson*, Johnson argued "his counsel's representation was ineffective because the attorney did not request a second, independent mental evaluation." *Id.* ¶ 3. We stated the petitioner "was entitled to one competent evaluation at public expense." *Id.* ¶ 22. We explained, "We have held that a psychiatric evaluation is not deficient merely because a State Hospital employee has conducted it." *Id.* ¶ 21. Noting an evaluation was completed by the North Dakota State Hospital, we concluded "[c]ounsel's actions did not fall below an objective standard of reasonableness, because Johnson was entitled to and received one evaluation." *Id.* ¶ 22. Rademacher asserts his case "is distinguishable from *Johnson* in critical ways," asserting Johnson received a forensic evaluation addressing criminal responsibility while he did not.

[¶16] Rademacher misstates the issue before the district court. After being appointed counsel, Rademacher filed an amended petition for postconviction relief. The amended petition alleged Rademacher's trial counsel "was ineffective by not requesting a criminal responsibility evaluation by *a second psychiatrist* independent from the North Dakota State Hospital." (Emphasis added.) Rademacher reiterated that was the issue at the hearing. As discussed below, the testimony at the hearing addressed why Mottinger did not request "an independent evaluator as opposed to one that was employed by the state hospital[.]" Similarly, in his post-hearing brief, Rademacher asserted "attorney Mottinger did not take steps to secure an independent mental health evaluator to determine if Mr. Rademacher was criminally responsible for the conduct which took place on July 19th, 2019." He later argued, "Although *an evaluation was conducted* through the State Hospital, attorney Mottinger did not follow up

and secure a *second opinion* to confirm if a viable defense existed." (Emphasis added.)

[¶17] Contrary to Rademacher's assertion in his brief before this Court, the district court did not identify the issue as "a lack of a criminal responsibility evaluation." Rather, the court stated Rademacher alleged ineffective assistance of counsel because "his trial counsel failed to have *a second independent psychiatrist evaluate* Rademacher[.]"

[¶18] "We have long held that issues not raised or considered in the district court cannot be raised for the first time on appeal." *State v. Thompson*, 2025 ND 3, ¶ 11, 16 N.W.3d 204 (quoting *State v. Powley*, 2020 ND 124, ¶ 5, 943 N.W.2d 766). "In postconviction relief proceedings we have held issues not raised in the application for relief cannot be raised for the first time on appeal." *Bridges v. State*, 2021 ND 232, ¶ 11, 968 N.W.2d 188. The issue raised by Rademacher in his amended petition, at the hearing, and in his post-hearing brief was whether his trial counsel was ineffective by not requesting a *second evaluation* by an independent mental health evaluator. Rademacher did not assert at the district court that there was no criminal responsibility evaluation. Because the issue raised on appeal was not raised in the district court, we decline to address it.

2

[¶19] Rademacher argues the district court erred in denying postconviction relief "because it improperly conflated the distinct concepts of fitness to proceed and criminal responsibility."

[¶20] "Fitness to proceed" and "lack of criminal responsibility" are separate and distinct concepts. *Compare* N.D.C.C. § 12.1-04-04(1) *with* N.D.C.C. § 12.1-04.1-01. The process for an examination or evaluation for fitness to proceed and lack of criminal responsibility differ. *Compare* N.D.C.C. § 12.1-04-07 *with* N.D.C.C. ch. 12.1-04.1.

[¶21] The record reflects that Rademacher's initial trial counsel filed expedited motions for evaluations for criminal responsibility *and* fitness to proceed. The district court granted *both* motions and ordered evaluations. An evaluation from

the State Hospital to determine Rademacher's present mental condition and fitness to proceed was filed in October 2019. Trial attorney Mottinger was assigned to represent Rademacher later that month.

[¶22] At the hearing on the application, Rademacher's attorney had the following exchange with Mottinger:

> Q. Okay. So now I—I would note that prior to your involvement in the case, there was—and Attorney Madden had commented on this earlier—there was a criminal responsibility evaluation that was requested by Attorney Nehring. Do you recall that?
> A. Yes.
> Q. When you took the case over, did you review that evaluation?
> A. I did.
> Q. Now, obviously, that wasn't used at trial, was it?
> A. No.
> Q. And I—I suspect why is because it wasn't favorable to Mr. Rademacher?
> A. That would be correct.

Rademacher's attorney asked Mottinger whether he could have requested "an independent evaluator as opposed to one that was employed by the state hospital[.]" Mottinger answered he could have. In response to questions by Rademacher and, later, the State, Mottinger testified why he did not believe a second evaluation was necessary.

[¶23] The State asked Mottinger if he was "asked about mental health evaluations," to which he responded affirmatively. When asked, "[Y]ou had indicated that you had reviewed the competency evaluation and the criminal responsibility evaluation?" Mottinger responded, "Yes." The following exchange occurred later:

> Q. So reviewing that and looking at the evidence in this particular case, you decided to not seek an additional evaluation?
> A. Based on my review of the evaluation, my conversations with Mr. Rademacher, that was my decision.

[¶24] The testimony at the hearing referenced "a criminal responsibility evaluation," "evaluations," and "the competency evaluation and the criminal responsibility evaluation." The parties also asked Mottinger why he did not request a second evaluation. Despite this evidence, Rademacher claims the district court "noted" in its order that "there was no criminal responsibility evaluation completed by the State [H]ospital." Rademacher misstates the court's order.

[¶25] The State submitted as an exhibit the State Hospital's fitness to proceed evaluation of Rademacher. Referring to that evaluation, the district court wrote, "It does not appear that that evaluation was done to determine if Rademacher was criminally responsible in accordance with N.D.C.C. § 12.1-04.1." The court's statement a specific evaluation did not appear to be a criminal responsibility evaluation was not a finding "there was no criminal responsibility evaluation completed by the State [H]ospital." Unlike the report of a fitness to proceed examination, which must be provided to the court under N.D.C.C. § 12.1-04-07(3), the court's order for a criminal responsibility evaluation ordered the evaluation "be in writing and made and sent to Defense counsel **only**[.]" Thus, only Rademacher had access to and could file the criminal responsibility evaluation. The court did not hold no criminal responsibility evaluation was completed.

[¶26] As previously noted, the issue raised in Rademacher's amended petition and restated at trial is whether his trial counsel "was ineffective by not requesting a *criminal responsibility evaluation* by a second psychiatrist independent from the North Dakota State Hospital." (Emphasis added.) The testimony at the hearing focused on the criminal responsibility evaluation, as did Rademacher's post-hearing brief. Despite this, in its memorandum decision, the district court identified the issue as whether Rademacher's "trial counsel failed to have a second independent psychiatrist evaluate Rademacher for lack of *fitness to proceed*[.]" (Emphasis added.) In its decision, the court stated, "Rademacher's first trial attorney requested an evaluation of Rademacher regarding his *fitness to proceed* at trial. . . . The evaluation complied with the requirements of N.D.C.C. § 12.1-04-07(4) and concluded that Rademacher was *fit to proceed* to trial." (Emphasis added.) The court further explained, "Mottinger testified that the

8

particulars of Rademacher's cases did not warrant a second evaluation regarding Rademacher's *fitness to proceed*." (Emphasis added.) The court concluded,

> The record before the Court indicates that Rademacher was *fit to proceed* to trial. Rademacher has failed to show that his trial attorney's representation fell below an objective standard of reasonableness as it relates to requesting an additional evaluation regarding Rademacher's *fitness to proceed*.

(Emphasis added.) The court did not address trial counsel's alleged failure to obtain an independent criminal responsibility evaluation.

[¶27] Rule 52(a), N.D.R.Civ.P., requires, "In an action tried on the facts without a jury . . . the [district] court must find the facts specially and state its conclusions of law separately." N.D.R.Civ.P. 52(a). We have explained:

> [T]he district court is required to make such findings of fact and conclusions of law that are sufficient to enable the appellate court to understand the factual determinations made by the district court and the basis for its conclusions of law. To this end, the district court's "findings of fact . . . should be stated with sufficient specificity to assist the appellate court's review and to afford a clear understanding" of the district court's decision.

*In re Est. of Haugen*, 2011 ND 28, ¶ 16, 794 N.W.2d 448 (quoting *Haugrose v. Anderson*, 2009 ND 81, ¶ 7, 765 N.W.2d 677).

[¶28] The district court's findings do not address the issue in dispute at the postconviction relief hearing and do not allow meaningful appellate review. *See Haugrose*, 2009 ND 81, ¶ 11. We conclude the court's specific findings do not support the court's denial of Rademacher's petition for postconviction relief as to this issue.

3

[¶29] The State notes, "Rademacher did not present any expert testimony from an evaluator during the hearing on his petition. Rademacher did not present any evidence showing that he lacked the ability to appreciate the consequences of his

actions." Based on these assertions, the State argues "Rademacher did not show a reasonably probable different outcome if he had additional evaluations"; "Rademacher failed to present anything showing an objectively reasonable different outcome had another evaluation been ordered."

[¶30] The district court did not address the second prong of the *Strickland* test when addressing this issue because it denied Rademacher's petition on the first prong. Although the court made insufficient findings to support its denial of Rademacher's petition under the first prong, "[w]e will not set aside a district court's decision simply because the court applied an incorrect reason, if the result is the same under the correct law and reasoning." *Chase v. State*, 2024 ND 215, ¶ 18, 14 N.W.3d 37 (quoting *Myers v. State*, 2017 ND 66, ¶ 10, 891 N.W.2d 724). Here, the court's denial of Rademacher's petition was the correct result, as a matter of law, under the second prong of the *Strickland* test.

[¶31] To establish the second prong of the *Strickland* test, Rademacher "carries a heavy burden" to establish a reasonable probability that, but for his trial counsel's error, the result of the proceeding would have been different. *Lindeman v. State*, 2024 ND 228, ¶ 8, 14 N.W.3d 883; *see also Almklov v. State*, 2025 ND 27, ¶ 5, 17 N.W.3d 583 (stating a petitioner "bears a heavy burden" to prevail on a postconviction claim of ineffective assistance). Although the question of ineffective assistance of counsel is generally a mixed question of fact and law, no factual issue exists when an applicant presents no evidence trial counsel's ineffectiveness undermined confidence in the outcome of the case. *Lindeman*, ¶ 8 ("Lindeman's failure to provide any evidence he was substantially prejudiced by the alleged ineffectiveness of his counsel is dispositive of this appeal.").

[¶32] In *Lindeman*, Lindeman argued "his trial attorneys' failure to file a motion to suppress his confessions amounted to ineffective assistance of counsel because had a motion to suppress been filed, counsel could have provided argument on false confessions which would have made a difference in the outcome of the case." 2024 ND 228, ¶ 9. However, Lindeman failed to "explain why or how he would have prevailed on a motion to suppress his confessions." *Id.* "In the absence of supporting evidence," we concluded Lindeman failed to meet his burden. We also rejected Lindeman's ineffective counsel claim because his trial

10

attorney failed to make a request for an expert witness. *Id.* ¶ 10. We concluded "Lindeman failed to prove the testimony of an expert would have been in his favor. His conclusory allegations are not enough to amount to a showing of prejudice." *Id.* ¶ 12; *see also Chisholm v. State*, 2015 ND 279, ¶ 15, 871 N.W.2d 595 (affirming district court's denial of postconviction relief on the ground trial counsel was deficient by failing to present expert witness testimony regarding the psychological condition of dissociation when petitioner presented no evidence of what a mental health expert would have said or testified to).

[¶33] Similarly, in *State v. Schlickenmayer*, 364 N.W.2d 108, 112 (N.D. 1985), Schlickenmayer claimed he received ineffective assistance of counsel because his counsel did not call certain witnesses to testify. However, Schlickenmayer failed to "name or demonstrate how any potential witnesses, who could have been called to testify at the trial, could have testified in his favor." *Id.* As a result, this Court explained: "Conclusory allegations that counsel failed to call certain witnesses without indicating what the testimony would have been, how it might have affected the outcome of the trial, or what prejudice may have resulted from the failure to call them, do not support a claim of ineffective assistance of counsel." *Id.*; *see also Almklov*, 2025 ND 27, ¶ 9 ("Almklov's conclusory allegations that his counsel failed to call certain witnesses without providing evidence of what the testimony would have been, how it might have affected the outcome of the trial, or what prejudice may have resulted from the failure to call them, does not support a claim of ineffective assistance of counsel."); *Matthews v. State*, 2005 ND 202, ¶ 12, 706 N.W.2d 74 (concluding petitioner's "testimony as to what the witnesses might say is not sufficient evidence as to what the witnesses would say"); *Damron v. State*, 2003 ND 102, ¶ 16, 663 N.W.2d 650 ("A defendant must offer evidence that any additional witnesses would have aided the defense's claim."); *State v. Ricehill*, 415 N.W.2d 481, 484 (N.D. 1987) (declining "to begin the ineffective-assistance-of-counsel analysis" when the record was "devoid of any indication" of what the witness's testimony would have been; "we require some form of proof, e.g., an affidavit by the proposed witness, or testimony in a post-conviction-relief proceeding").

[¶34] Similarly, as a matter of law, Rademacher could not meet his burden on showing trial counsel's decision not to obtain a second criminal responsibility

evaluation undermined confidence in the outcome of his case without presenting some evidence that the second opinion would have supported a lack of criminal responsibility defense. Rademacher presented no such evidence. Rather, ignoring his heavy burden of proof, Rademacher asserted a second opinion addressing criminal responsibility "might have supported a lack of criminal responsibility defense."

[¶35] We conclude Rademacher failed, as a matter of law, to establish the second prong of his claim his trial counsel was ineffective by failing to obtain an independent criminal responsibility evaluation.

IV

[¶36] We affirm the district court's judgment.

[¶37] Jon J. Jensen, C.J.
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte
     Douglas A. Bahr