**James GOHNER, Plaintiff and Appellee,**

v.

**Joseph ZUNDEL, Defendant and Appellant.**

**Civ. No. 11322.**

Supreme Court of North Dakota.

Aug. 12, 1987.

James A. Wright, of Hjellum, Weiss, Nerison, Jukkala, Wright & Paulson, Jamestown, for plaintiff and appellee.

James N. Purdy, Ellendale, for defendant and appellant.

VANDE WALLE, Justice.

Joseph Zundel appealed from a judgment awarding James Gohner $9,018 in damages and from an order denying his motion for a new trial. We affirm in part, reverse in part, and remand for a new trial.

In May 1984, Gohner brought an action against Zundel seeking damages for summer fallow and fall plowing Gohner did on land which he had been renting from Zundel and which Zundel had decided to lease to another person. Zundel answered denying the allegations of the complaint and counterclaimed seeking reimbursement for the use of his equipment and storage facilities by Gohner. Zundel also demanded a jury trial.

A jury trial was set for August 20, 1985, and, before trial, Zundel's attorney filed a trial brief, proposed exhibits, and jury instructions. However, on August 16, 1985, Zundel's attorney moved to withdraw as counsel because Zundel "advised me that he no longer desires my services in representation of him and apparently is interested in retaining other counsel to represent him at trial." Zundel's attorney also moved for a continuance so Zundel could retain another attorney to represent him and because, "as a result of medical problems, [Zundel] will be unable to appear in the District Court as scheduled." The trial court granted the motion.

On December 9, 1985, the trial court issued an order setting February 25, 1986, as the date for a pretrial conference, and March 4, 1986, as the date for trial. The parties were also ordered to file a trial memorandum with the court by February 20, 1986. Gohner and his attorney appeared at the pretrial conference, but Zundel neither filed a trial memorandum nor appeared at the pretrial conference. As a result, the trial court issued the following order:

"As a result of the Defendant's failure to comply with the pre-trial Order issued in this matter on December 9, 1985, and also the Defendant's failure to appear at the pre-trial conference, the Court shall issue sanctions against the Defendant pursuant to the provisions of Rule 16(e)

and Rule 37(b)(2)(B)(C)(D) of the North Dakota Rules of Civil Procedure;

"The Court does hereby order accordingly:

"1.

"That the Answer and Counterclaim filed by the Defendant in this matter are hereby struck pursuant to the provisions of Rule 37(b)(2)(C), North Dakota Rules of Civil Procedure.

"2.

"That the Defendant's request for jury trial as set forth in his Answer and Counterclaim is also struck and this matter shall be tried to the Court without a jury.

"3.

"That the Plaintiff shall prove-up his case to the Court at 9:30 a.m. on March 4th, 1986 in the Courtrooms of the Courthouse in the LaMoure County Courthouse in LaMoure, North Dakota and the Court specifically sets that time, date and place for the taking of any testimony and evidence to be offered by the Plaintiff in this matter.

"4.

"That the Plaintiff shall take steps to serve this order personally upon the Defendant."

This order was dated February 25, 1986, and was served personally upon Zundel on February 28, 1986.

At 4:30 p.m. on March 3, 1986, Zundel, who was 71 years old at the time, visited the trial judge in his office and told him that he did not have the services of an attorney and requested a continuance so that he could obtain an attorney. According to the trial judge, the reasons Zundel gave for not having an attorney were that he "has cancer, and he has had cancer for the last seven years, and that he is doctoring for this cancer that he has; ... also, 22 years ago his son died, and I guess this is bothering him; and ... he has in the past had foot problems." The trial judge told Zundel that he could make an oral motion for continuance before trial the next morning.

On March 4, 1986, Zundel appeared without counsel. Following argument by Gohner's attorney, the trial judge denied Zundel's request for a continuance, stating:

"Mr. Zundel, we are going to proceed with this trial today. I considered that a Motion for a Delay last night, and I have heard the response of Mr. Wright, and you have had adequate opportunities to be represented by an attorney. You will have to represent yourself today. I will allow you to ask questions concerning the Complaint and the allegations that have been made, and you may examine the witnesses as they appear on the witness stand, but we will proceed with the trial as scheduled."

During the trial, Gohner offered testimony and other evidence in support of his claim. Zundel questioned witnesses, but did not testify on his own behalf. At the conclusion of the trial, the court ruled in favor of Gohner. The court issued findings of fact and conclusions of law, and judgment was entered in the amount of $9,018 plus costs and interest.

Zundel thereafter obtained counsel and moved for a new trial on the grounds that the trial court abused its discretion in denying Zundel's motion for a continuance; that the court abused its discretion in striking Zundel's answer, counterclaim, and demand for a jury trial; and that the evidence was insufficient to support the judgment. In support of the motion, Zundel submitted an affidavit which stated in part:

"That I am 71 years of age, have had and do now have considerable health problems and I am sometimes forgetful and easily confused.

"I did not fully understand or comprehend that the actual trial in the above entitled matter would be taking place on March 4, 1986, until March 3, 1986, and I did at such time, therefore, speak to three different attorneys at three different offices in three different cities for the purpose of securing a continuation of said trial for me and failing that, to represent me at said trial. However,

because of the shortness of time, none of the three attorneys would agree to represent me.

"... I was not represented by counsel at said trial and although I was given the opportunity by the Court to testify, I did not because I was not represented by counsel and I was quite uncertain as to how I should handle the matter."

The trial court denied Zundel's motion, and he has appealed.

We believe the dispositive issue in this case is whether the trial court erred in striking Zundel's counterclaim, answer, and demand for a jury trial as a sanction under Rule 16, N.D.R.Civ.P., for his failure to submit a trial memorandum and appear at the pretrial conference.

The trial court ordered these sanctions against Zundel on February 25, 1986, under Rule 16(e) N.D.R.Civ.P.[1] However, Rule 16(e), which was part of an amendment to the former rule and was intended to expand the sanctions available for failure to comply with the rule, did not become effective until March 1, 1986. See Explanatory Note, Rule 16, N.D.R.Civ.P., North Dakota Court Rules 1986, at p. 43 (West 1986). Because Rule 16(e) was not in effect when the trial court issued its order imposing the sanctions, the propriety of those sanctions must be reviewed under the provisions of former Rule 16, N.D.R.Civ.P. Cf. *Hult-*

*berg v. Hultberg,* 259 N.W.2d 41, 45 n. 1 (N.D.1977); Section 12, N.D.R.P.R.

Former Rule 16, N.D.R.Civ.P., provided for the imposition of sanctions in its final sentence: "Upon failure of counsel to appear, the court shall have authority to grant a motion for dismissal or to proceed with the conference, as may be appropriate." It appears that this sentence was derived from, and was an attempt to incorporate, provisions of § 28–1104, N.D.R.C. of 1943, which were superseded by the rule. See Explanatory Note, Rule 16, N.D.R.Civ.P., North Dakota Court Rules 1984, at p. 40 (West 1983);[2] cf. *Fiebiger v. Fischer,* 276 N.W.2d 241 (N.D.1979); C. Crum, *Counterclaims and Third-Party Practice under the North Dakota Rules,* 34 N.D.L. Rev. 7, 33 (1958). Section 28–1104(3) and (4), N.D.R.C. of 1943, provided:

"*28–1104. Authority of Judge at Conference.* The pretrial conference judge shall have authority:

\*   \*   \*   \*   \*   \*

"3. Upon failure of the counsel for the plaintiff to appear, to grant a dismissal or nonsuit on motion of counsel for the defendant;

"4. Upon failure of the counsel for the defendant to appear, to proceed with the conference within the limita-

---

1. Rule 16(e), N.D.R.Civ.P., provides:
    "*(e) Sanctions.* (i) If a party or party's attorney fails to obey a pretrial order, (ii) if no appearance is made on behalf of a party at a pretrial conference, (iii) if a party or party's attorney is substantially unprepared to participate in the conference, or (iv) if a party or party's attorney fails to participate in good faith, the judge, upon motion or his own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing him or both to pay the reasonable expense incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust."

2. Former Rule 16, N.D.R.Civ.P., was derived from former Rule 16, Fed.R.Civ.P., "with several important additions." Explanatory Note, Rule

16, N.D.R.Civ.P., North Dakota Court Rules 1984, at p. 40 (West 1983). The former Federal rule, which was amended in 1983, did not mention sanctions for failing to comply with the rule. However, Federal courts, relying on either Rule 41(b), Fed.R.Civ.P., or the court's inherent power to regulate litigation, had upheld the imposition of sanctions for failure to comply with Rule 16. See, e.g., *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Delta Theatres, Inc. v. Paramount Pictures, Inc.,* 398 F.2d 323 (5th Cir. 1968), *cert. denied,* 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969). Federal Rule 16 was amended in 1983 to expressly provide for sanctions in order "[t]o reflect that existing practice, and to obviate dependence upon Rule 41(b) or the court's inherent power...." Notes of Advisory Committee on Rules—1983 Amendment, Rule 16, Fed.R.Civ.P., 28 U.S.C., at p. 71 (1982 ed., Supp. II 1985).

tions specified in section 28–1101."[3]

■ The language of former Rule 16 considered with its statutory forerunner suggests that the ultimate sanction of dismissal was intended to be used when the plaintiff, the party with the laboring oar, failed to appear at a pretrial conference. It is apparent, however, that the rule was not intended to provide a similar sanction against a defendant for failing to appear.[4] This conclusion is further supported by the general meaning of the term "dismissal" which usually connotes a final disposition of an action or suit without trial of the issues involved, rather than an abrogation of the defendant's response to an action. See generally Black's Law Dictionary 421 (5th ed. 1979).

■ However, our interpretation of former Rule 16 does not render the trial court's imposition of sanctions invalid in its entirety. While Zundel is technically a "defendant" in this matter, we believe he occupies the same position as a "plaintiff" within the meaning of the rule in regard to his counterclaim. See *Zeman v. Mikolasek*, 75 N.D. 41, 58, 25 N.W.2d 272, 282 (1946) ["A counterclaim is, in effect, a cross-action, and, when well pleaded, the defendant becomes an actor."] Furthermore, although the rule speaks in terms of "counsel's" failure to appear and a "motion" for dis-

missal by opposing counsel, a party who acts without an attorney is his own "counsel," and we believe that the trial court possessed the inherent authority to dismiss Zundel's counterclaim on its own initiative. Cf. *Albrecht v. First Federal Sav. & Loan Ass'n*, 372 N.W.2d 893 (N.D.1985). We therefore conclude upon a review of the sanction portion of former Rule 16 and the statute from which it was derived, that the rule provided the trial court with authority to dismiss Zundel's counterclaim for failure to appear at the pretrial conference, but it did not give the trial court authority to strike Zundel's answer and concomitant demand for a jury trial in relation to Zundel's position as a defendant to Gohner's action.

■ We have stated that, with regard to sanctions for discovery abuses under Rule 37, N.D.R.Civ.P., dismissal of a claim should be imposed only if there is a deliberate or bad-faith noncompliance with an order which constitutes a flagrant abuse of, or disregard for, the rules and should not be used if an alternative, less drastic sanction is available and just as effective. *Production Credit Ass'n of Fargo v. Foss*, 391 N.W.2d 622 (N.D.1986); *Dakota Bank & Trust Co. of Fargo v. Brakke*, 377 N.W.2d 553 (N.D.1985); *Thompson v. Ziebarth*, 334 N.W.2d 192 (N.D.1983). While we believe the same rationale is applicable for

**3.** Section 28–1101, N.D.R.C. of 1943, provided:
"*28–1101. Power of Court to Direct Conference.* In any action, a judge of the district court or of a county court of increased jurisdiction, in his discretion, may direct the attorneys for the parties to appear before him for a conference in advance of trial to consider:
"1. The simplification of the issues;
"2. The necessity or desirability of amendments to the pleadings;
"3. The possibility of obtaining admissions of fact and of documents which will avoid unnecessary foundation proof and the expense and trouble of securing the same;
"4. In personal injury cases, the arrangement for physical examination of either the plaintiff or defendant if required, a stipulation of maps or charts of the location involved and such other facts as measurements, widths of streets, distances, dates, time, and weather conditions;
"5. The limitation of the number of expert and character witnesses known to or contemplated by the litigants at the time of the conference;

"6. The disposal of all preliminary motions including that for continuance."

**4.** We have not found a case construing the last sentence of former Rule 16 or § 28–1104(3) and (4), N.D.R.C. of 1943. However, in *Merrill Iron & Steel v. Minn-Dak Seeds, Ltd.*, 334 N.W.2d 652 (N.D.1983), we upheld the trial court's exclusion of a witness's testimony because he had not been listed as a witness prior to trial in contravention of a pretrial order directing that witness names be provided. We noted that "[u]nlike the rules of discovery, there are no specific sanctions established by Rule 16, NDRCivP, for violation of pretrial orders," but found the court's action properly based on the court's broad discretionary power to limit the number of witnesses at trial. *Merrill Iron & Steel, supra,* 334 N.W.2d at 658. Also, in *Van Ornum v. Otter Tail Power Company*, 210 N.W.2d 188 (N.D. 1973), this court held that Rule 16 allows courts to issue pretrial orders resolving issues affecting the introduction and admission of evidence.

violations of pretrial orders, the imposition of an appropriate sanction is nevertheless within the broad discretion of the trial court. *Brakke, supra.* A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Brakke, supra.*

■ Upon our review of the record, we cannot say that the trial court abused its discretion in striking or dismissing Zundel's counterclaim. Zundel discharged his attorney less than a week before a jury trial was scheduled in August 1985 and was granted a continuance to find another attorney. In the interim, Zundel made no contact with the court until the eve of the March 4, 1986, trial, and it appears that he made no attempt to seek the services of another attorney until that time. Zundel was specifically ordered to appear at the pretrial conference and to submit a trial memorandum. He offered no specific reason for failing to comply with the pretrial order other than a vague reference to "health problems" and that he is "sometimes forgetful and easily confused." It appears that Zundel simply ignored the court's pretrial order. These facts demonstrate a lack of prosecutive intent with regard to Zundel's counterclaim which went beyond a mere inadvertent failure to attend the pretrial conference or submit a trial memorandum. See generally *Beshear v. Weinzapfel,* 474 F.2d 127 (7th Cir.1973). We therefore conclude that the trial court did not abuse its discretion in striking and dismissing Zundel's counterclaim.

■ Even assuming arguendo that the trial court had the authority under the rule to strike Zundel's answer and demand for a jury trial, we believe that the trial court abused its discretion in ordering these further sanctions. While the facts demonstrate a lack of prosecutive intent with regard to Zundel's counterclaim, this consideration loses some of its significance when viewed from Zundel's position as a defendant to Gohner's action. The trial court's order striking Zundel's answer and demand for a jury trial had the effect of withdrawing from Zundel the right to introduce any evidence in his own behalf bearing upon the issues of fact in the case. See *Boatright v. First National Bank of Alma,* 166 Ga.App. 167, 303 S.E.2d 506 (1983). The order, in effect, granted Gohner a default judgment against Zundel. This action seems unduly harsh considering that the trial court had already dismissed Zundel's counterclaim.

Moreover, it is questionable whether the trial court intended to grant a default judgment against Zundel in view of what actually transpired. Zundel appeared at the trial seeking a continuance so he could retain counsel. After that motion was denied, the trial court allowed Zundel the opportunity to cross-examine witnesses and present evidence on his own behalf, and Zundel did attempt to participate in the trial.[5] However, it is unclear to us what

---

5. The following excerpts are illustrative of the trial:

"[By the Court]: Any opening statement?
"MR. WRIGHT: Your Honor, the plaintiff would waive an opening statement.
"THE COURT: Mr. Zundel, did you have an opening statement that you wished to make? Just yes or no. Did you or did you not?
"MR. ZUNDEL: What is that?
"THE COURT: Did you have an opening statement that you wish to make?
"(No answer.)
"THE COURT: I presume that he has none. You may proceed.

\*   \*   \*   \*   \*   \*

"RECROSS–EXAMINATION
"BY MR. ZUNDEL:
"Q You had three bins of wheat you took a loan on in LaMoure, and I never took a loan on it. Is that true?

"MR. WRIGHT: I will object. I don't see the relevancy. I don't want to be objecting but I don't know where we are going.
"THE COURT: I think it is a part of the Answer and Counterclaim; he is talking about some bins that he furnished for your client. "For whatever relevancy it is, I will allow it.

\*   \*   \*   \*   \*   \*

"THE COURT: Any further witnesses?
"MR. WRIGHT: No, your Honor, The plaintiff will rest.
"THE COURT: Mr. Zundel, the plaintiff has just rested his case. If you wish to call any witnesses, or anything of that nature, now is your opportunity to do it.
"MR. ZUNDEL: The PIK Program—
"THE COURT: Just a minute.
"MR. ZUNDEL: I am no attorney.
"THE COURT: I will give you an opportunity to argue your case. This is the time to call

Zundel could have done to affect the outcome of the trial once his answer to Gohner's complaint had been stricken as a sanction. In any event, no harsher sanctions should be imposed than are necessary to vindicate the court's authority. We believe that by striking Zundel's answer and demand for a jury trial in addition to dismissing his counterclaim, the trial court went too far in this case. *Compare Thompson v. Ziebarth, supra.*

We affirm the dismissal of Zundel's counterclaim, but we reverse the striking of Zundel's answer and demand for a jury trial. Accordingly, the judgment is reversed and the case is remanded for a jury trial on Gohner's cause of action.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

witnesses if you have any witnesses. You will get a chance to speak, don't worry about that.
"MR. ZUNDEL: No.

"THE COURT: For the record, then Mr. Zundel is not calling any witnesses. At least, he has indicated he has none."