# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 61

Lukas Kostelecky,
    v.

Plaintiff and Appellee

Charity Erickson,
    and

Defendant and Appellant

State of North Dakota,

Statutory Real Party in Interest

## No. 20250306

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable James D. Gion, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.

Opinion of the Court by Bahr, Justice.

Madison B. Turner, Bismarck, ND, for plaintiff and appellee; on brief.

Theresa L. Kellington, Bismarck, ND, for defendant and appellant; on brief.

**Bahr, Justice.**

[¶1]   Charity Erickson appeals from a district court judgment awarding Lukas Kostelecky primary residential responsibility of their child, imposing supervised parenting time on Erickson, and ordering her to pay child support. On appeal, Erickson argues she was denied due process due to improper service of court notices and the imposition of an excessive sanction that prevented her from presenting evidence at trial. She further argues the court erred in awarding primary residential responsibility to Kostelecky, requiring her parenting time be supervised, and deviating from the State's child support guideline calculation without explanation. We affirm in part, reverse in part, and remand with instructions.

I

[¶2]   The parties were never married but share one child, T.H.M.K. (born in 2024). Kostelecky filed a motion for interim order on August 5, 2024. After being rescheduled multiple times, a hearing was held on September 24, 2024. Counsel for Erickson appeared at the hearing while Erickson did not. On October 24, 2024, the district court entered an interim order awarding Kostelecky primary residential responsibility and granting Erickson supervised parenting time.

[¶3]   On October 10, 2024, Erickson's attorney moved to withdraw as counsel. The district court entered a scheduling order the next day. The court granted the motion to withdraw on October 24, 2024. On November 4, 2024, the court noticed a May 27, 2025 pretrial conference and a June 2, 2025 court trial, stating copies were mailed and emailed to Erickson without identifying the address or email used. Erickson did not appear at the pretrial conference, and the district court sanctioned her by prohibiting her from presenting any evidence at trial.

[¶4]   Erickson appeared without representation at the June 2, 2025 court trial. Due to the court-imposed sanctions, Erickson was permitted to testify only regarding her income for child support purposes. After hearing testimony from Kostelecky and his mother, the district court ruled from the bench. The court

later entered findings of fact, conclusions of law, and judgment. Erickson appeals.

## II

[¶5] Erickson argues she was denied due process because she was not properly served with multiple court notices. Specifically, she challenges service of the interim order hearing, the scheduling order, and the notice of pretrial conference and court trial.

[¶6] Kostelecky argues Erickson's brief fails to comply with N.D.R.App.P. 28(b). Rule 28(b)(7)(B)(ii) requires the appellant's brief contain "citation to the record showing that the issue was preserved for review; or a statement of grounds for seeking review of an issue not preserved[.]" Erickson's briefs do not cite to the record to show she preserved her arguments. Her briefs also provide no argument regarding why this Court can review these issues if they were not raised in the district court. Despite Kostelecky raising the lack of preservation argument in his appellee brief, Erickson did not address it in her reply brief. Erickson's briefs on these issues do not meet the minimum requirements of Rule 28(b)(7). "Appellate rules must be complied with and treated respectfully." *Holm v. Holm*, 2025 ND 100, ¶ 6, 21 N.W.3d 96, reh'g denied (June 17, 2025) (quoting *State v. Roller*, 2024 ND 180, ¶ 19, 11 N.W.3d 864).

[¶7] We decline to address Erickson's lack of notice arguments because her briefs do not meet the minimum requirements of Rule 28(b)(7). *Edwards v. State*, 2025 ND 43, ¶ 14, 17 N.W.3d 542 (declining to address issue when the "appellate brief contains no citation to the record identifying where he preserved the issue for review as required by N.D.R.App.P. 28(b)(7)(B)(ii)").

## III

[¶8] Erickson argues the district court imposed excessive sanctions.

## A

[¶9] The district court has broad discretion to impose appropriate sanctions. *Bang v. Cont'l Res., Inc.*, 2025 ND 131, ¶ 28, 23 N.W.3d 895 (addressing sanctions

for discovery violations); *Gohner v. Zundel*, 411 N.W.2d 75, 79-80 (N.D. 1987) (stating the imposition of an appropriate sanction for violations of pretrial orders is within the broad discretion of the district court). This Court reviews a district court's imposition of a sanction for an abuse of discretion. *Bang*, ¶ 28; *see also id.* ¶ 29 ("Appellate courts give substantial deference to a district court's imposition of discovery sanctions because it is most familiar with the pretrial proceedings and the pretrial conduct of counsel."). "A party challenging the court's sanction has the burden of showing an abuse of discretion." *State ex rel. Stenehjem v. Maras*, 2021 ND 68, ¶ 14, 958 N.W.2d 475. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Id.* (quoting *Nelson v. Nelson*, 2019 ND 221, ¶ 13, 932 N.W.2d 386).

B

[¶10] The district court imposed sanctions against Erickson for violating N.D.R.Civ.P. 16. Rule 16(f) provides:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37, if a party or its attorney:
>
> > (A) fails to appear at a pretrial conference;
> > (B) is substantially unprepared to participate, or does not participate in good faith, in the conference; or
> > (C) fails to obey a scheduling or other pretrial order.
>
> (2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the judge must order the party, its attorney, or both to pay the reasonable expenses, including attorney fees, incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

[¶11] Rule 37 (b)(2)(A), N.D.R.Civ.P., identifies sanctions a court may impose when an action is pending. Under Rule 37 (b)(2)(A)(ii), sanctions may include

3

"prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[.]"

[¶12] In its order imposing sanctions, the district court found Erickson failed to follow the scheduling order "when she did not appear at the pretrial conference, despite having received proper notice of the hearing date and time[,]" and "failed to appear at the pretrial conference despite having received proper notice [sic] of the hearing date and time." It then ordered the following sanctions:

> A. The Defendant shall be prohibited from introducing any evidence whether through testimony, exhibit, or otherwise, at the Court trial scheduled in this matter for 6/2/2025. However, the Defendant may cross-examine any witnesses called by the Plaintiff; and
> B. The Defendant must pay the Plaintiff the sum of $350.00 for attorney's fees incurred in preparing for the pretrial conference, attending the pretrial conference, and for preparing an order imposing sanctions.

[¶13] The evidentiary sanction imposed by the district court is authorized by N.D.R.Civ.P. 37(b)(2)(A)(ii) ("prohibiting the disobedient party . . . from introducing designated matters in evidence"). Based on the court's findings, the monetary sanction was authorized by N.D.R.Civ.P. 16(f)(2) ("the judge must order the party, its attorney, or both to pay the reasonable expenses, including attorney fees, incurred because of any noncompliance"). Erickson does not challenge, and we affirm, the court's order Erickson pay Kostelecky the sum of $350.00 for attorney's fees. Thus, the issue is whether the court abused its discretion in imposing the evidentiary sanction.

[¶14] The district court cited *Gohner v. Zundel* in support of its sanctions. Discussing *Gohner*, the court noted, "As a sanction for that party failing to appear at the pretrial conference, the Court struck the Answer and Counterclaim and imposed other sanctions." *Gohner* does not support the court's imposed evidentiary sanction.

[¶15] In *Gohner*, this Court concluded "the trial court did not abuse its discretion in striking and dismissing Zundel's counterclaim." 411 N.W.2d at 80. However,

4

we held the trial court abused its discretion in striking Zundel's answer and demand for a jury trial. *Id.* We explained, "The trial court's order striking Zundel's answer and demand for a jury trial had the effect of withdrawing from Zundel the right to introduce any evidence in his own behalf bearing upon the issues of fact in the case." *Id.* We stated the court's sanction of preventing Zundel from introducing any evidence in his own behalf was "unduly harsh." *Id.*

[¶16] The district court's evidentiary sanction of prohibiting Erickson "from introducing any evidence whether through testimony, exhibit, or otherwise" at trial is like the sanction found "unduly harsh" in *Gohner*. This is particularly true in the context of this case. *Gohner* concerned a tenant-landlord dispute. This case involves residential responsibility and parenting time, meaning the district court's paramount consideration is the best interests of T.H.M.K. *Vetter v. Vetter*, 2026 ND 36, ¶ 9; *Shively v. Shively*, 2025 ND 69, ¶ 6, 19 N.W.3d 824.

[¶17] When exercising their sanction power, district courts must consider several factors, including the availability of less severe sanctions. *Schrodt v. Schrodt*, 2022 ND 64, ¶ 30, 971 N.W.2d 861; *C & K Consulting, LLC v. Ward Cnty. Bd. of Comm'rs*, 2020 ND 93, ¶ 17, 942 N.W.2d 823. When appropriate, they should also consider the impact of the imposed sanction on innocent third parties, "like the children of parents locked in custody battles." *Kelly v. Kelly*, 252 Ariz. 371, 375, 503 P.3d 822, 826 (Ct. App. 2021). "A child's best interests reign supreme in custody disputes." *Id.* "This bedrock requirement necessarily limits the . . . court's otherwise broad authority to impose evidentiary sanctions." *Id.* As noted by one appellate court, "it is a disservice to children to silence potential fact witnesses who may have probative evidence concerning their best interest." *Van Heerden v. Van Heerden*, 321 S.W.3d 869, 879 (Tex. App.—Houston [14th Dist.] 2010) (holding the trial court abused its discretion in striking the testimony of mother's fact witnesses). Here, the district court's evidentiary sanction is "unduly harsh" because of its impact on T.H.M.K.

[¶18] Appellate courts have reversed sanctions that prevent the trial court from considering relevant information about the child's best interests. For example, in *Hays v. Gama*, 205 Ariz. 99, 104, 67 P.3d 695, 700 (2003), the Supreme Court of Arizona vacated "the sanctions imposed by the superior court excluding the

5

opinions of [a therapist] and preventing [a psychologist] and other experts from considering [the therapist's] testimony and records in rendering their opinions." In addressing "whether the superior court abused its discretion in imposing the sanctions on Mother under its inherent contempt power," the court began "from the premise that contempt sanctions should generally be limited to 'the least possible power adequate to the end proposed.'" *Id.* at 102, 67 P.3d at 698 (quoting *Ong Hing v. Thurston*, 101 Ariz. 92, 100, 416 P.2d 416, 424 (1966)). "This is especially true when a contempt sanction impacts an innocent third party[,]" the court noted. *Id.* It explained, "In this case, a very important third party is impacted by the contempt sanctions—the child." *Id.* Explaining "the child's best interest is paramount in custody determinations," the court found it necessary to consider "whether the various contempt sanctions imposed by the superior court unnecessarily interfered with its duty to consider the child's best interests in determining custody." *Id.* at 102-03, 67 P.3d at 698-99.

[¶19]  The court explained:

> The statute governing custody determinations, A.R.S. § 25-403(A), provides that "[t]he court shall consider all relevant factors." (Emphasis added.) We have similarly cautioned that "[w]hen custody of children is involved in a court proceeding, it seems to us to be the duty of the trial court to hear all competent evidence which may be offered." *Johnson v. Johnson*, 64 Ariz. 368, 370, 172 P.2d 848, 849 (1946). Any contempt sanction excluding evidence in a child custody dispute necessarily conflicts with these overriding principles.

*Hays*, 205 Ariz. at 103, 67 P.3d at 699. Because "the trial court's evidentiary sanctions will effectively preclude potentially significant information from being considered in the custody determination[,]" the court erred in imposing the evidentiary sanctions. *Id.* at 103-4, 67 P.3d at 699-700. The court explained, "These sanctions were not necessary to vindicate the court's authority; the trial judge plainly had at his disposal sufficient other sanctions to punish Mother's contempt without also impacting his ability to consider the best interests of the child." *Id.* at 104, 67 P.3d at 700.

[¶20] In *A.A. v. Ab.D.*, 246 Md.App. 418, 422, 228 A.3d 1210, 1212 (Md. Ct. Spec. App. 2020), the court determined "the best interests of the child standard is the leading consideration for the court in deciding whether to preclude a party from introducing evidence as a discovery sanction in a child custody case." "Children have an indefeasible right to have their best interests fully considered[,]" the court stated. *Id.* The court held the circuit court erred . . . by precluding Mother from presenting evidence as a discovery sanction without first considering whether that evidence was relevant to the court's determination of the best interests of the children." *Id.*

[¶21] The court imposed the following sanctions in *A.A.*: "Mother was not able to call any witnesses. Furthermore, Mother was limited to introducing into evidence only those documents that her counsel produced in response to the document requests." 246 Md.App. at 432-33, 228 A.3d at 1218. The court noted, "Normally, we evaluate a trial court['s] discovery sanction in a civil case through a well-defined lens—abuse of discretion." *Id.* at 441, 228 A.3d at 1223. "However," the court wrote, "before we look through that lens in a child custody case, we must be satisfied that the court has applied the best interests of the child standard in its determination." *Id.* "When the custody of children is the question, 'the best interest[s] of the children is the paramount fact. Rights of father and mother sink into insignificance before that.'" *Id.* (quoting *Kartman v. Kartman*, 163 Md. 19, 22, 161 A. 269 (1932)). After acknowledging courts' power and authority to exclude evidence as a sanction, the court stated, "However, in a child custody case, the court has an absolute and overriding obligation to conduct a thorough examination of all possible factors that impact the best interests of the child . . . . This supreme obligation may restrain the court's broad authority to exclude evidence as a discovery sanction." *Id.* at 444, 228 A.3d at 1225.

[¶22] The court held "the circuit court erred in prohibiting Mother from presenting any testimony or evidence, aside from the limited information Mother provided in response to Father's discovery requests, without considering the impact that the sanction would have on the best interests of the children." *A.A.*, 246 Md.App. at 447, 228 A.3d at 1227. "In sum," the court explained, "our decisional law has long recognized that a court commits legal error when it makes a decision that impacts a custody determination without first considering

7

how that decision will affect the child's 'indefeasible right' to have his or her best interests considered." *Id.* at 448, 228 A.3d at 1227. The court held "it was error for the court to impose a discovery sanction that precluded the court from receiving evidence without first ascertaining whether the evidence was relevant . . . in determining which custody arrangement was in the best interests of the children." *Id.*

[¶23] In *Kelly*, the appellate court stated the trial court "cannot sanction a parent in a way that prevents the court from considering admissible, 'potentially significant information' about the child's best interests." 252 Ariz. at 375, 503 P.3d at 826 (quoting *Hays*, 205 Ariz. at 103, 67 P.3d at 699). The trial court sanctioned the father by "precluding him from presenting any evidence at trial that he could have presented to the CFE evaluators, and preventing him from questioning any witnesses on topics he might have discussed with the evaluators." *Id.* at 373, 503 P.3d at 824. Reversing, the appellate court explained by excluding the evidence the trial court "prevented itself from seeing or hearing potentially significant evidence bearing on the daughter's best interests. The court's sanction thus violated the legislature's directive to 'consider all factors that are relevant to the child's physical and emotional well-being,' and reach a decision 'in accordance with the best interests of the child.'" *Id.* at 375-76, 503 P.3d at 826-27.

[¶24] Here, the district court's evidentiary sanction is even broader than the cited cases—the court prohibited Erickson "from introducing any evidence" at trial. That sanction prevented the court from receiving potentially relevant evidence bearing on T.H.M.K.'s best interests, as evidenced by the court's oral findings.

[¶25] In its oral findings, the district court repeatedly acknowledged it lacked information regarding certain factors. Addressing factor b, the court stated, "unfortunately for Ms. Erickson, the only evidence I have is from [Mr. Kostelecky] because Ms. Erickson was sanctioned for failing to appear at the pretrial. I wasn't able to take any evidence as to her living situation." Regarding factor c, the court explained, "so on this one, it makes it difficult for me to make a decision because I heard from Mr. Kostelecky that people had told him that the

8

child was facing developmental challenges, but that's all I heard." "I don't know much about Ms. Erickson's home environment," the court stated when addressing factor d. It also stated, "I have not heard from Ms. Erickson's—or about her family in this case[.]" Addressing factor k, the court acknowledged, "I don't think that enough evidence was presented for the Court to question the people that Ms. Erickson spends time with."

[¶26] Under the facts of this case, the district court abused its discretion by imposing a sanction that prevented it from receiving evidence relevant to its paramount consideration of the best interests of T.H.M.K. We do not disturb the court's finding Erickson's conduct was sanctionable; and we do not question courts' broad discretion to sanction violations of N.D.R.Civ.P. 16. However, the sanction must not adversely impact the child by preventing the court from making its determination based on the child's best interests. *See Kelly*, 252 Ariz. at 376, 503 P.3d at 827 ("But the myopic and combative tactics of intransigent parents cannot deprive their child of a well-informed custody decision anchored in the child's best interests."); *cf. Rolley v. Sanford*, 126 Md. App. 124, 131, 727 A.2d 444, 448 (Md. Ct. Spec. App. 1999) (because the best interest of the child is paramount, "[w]e shall not suffer the obdurate conduct of a recalcitrant parent, stepparent, or custodian to deprive children of their right to adequate support"); *Stapley v. Stapley*, 15 Ariz. App. 64, 70, 485 P.2d 1181, 1187 (1971) (stating "punishment of a parent for contempt is not to be visited on the children").

[¶27] The district court abused its discretion in imposing its evidentiary sanction.

IV

[¶28] We affirm in part and reverse in part the district court's order imposing sanctions. We affirm the court's finding Erickson violated N.D.R.Civ.P. 16 and that the court may impose sanctions upon her due to her violations. We also affirm the order Erickson pay Kostelecky the sum of $350.00 for attorney's fees. We reverse the court's order prohibiting Erickson from introducing any evidence at trial. We remand with instructions that the court hold a new trial. On remand, the court may impose additional sanctions on Erickson for her violations of

9

N.D.R.Civ.P. 16 if the sanctions do not impact the court's ability to determine the child's best interests. We have considered Erickson's remaining issues and conclude they are unnecessary to our decision due to our remand for a new trial.

[¶29]  Lisa Fair McEvers, C.J.
       Daniel J. Crothers
       Jerod E. Tufte
       Jon J. Jensen
       Douglas A. Bahr